## (October 23, 1979)

In the Matter of JAMES L. SEWARD, Respondent, v FRANK M. REARDON et al., Constituting the Board of Elections of the County of Otsego, Respondents, and STEPHEN W. HOLMES, Appellant.—Appeal from a judgment of the Supreme Court at Special Term, entered October 3, 1979 in Otsego County, which granted petitioner's application seeking to amend the Republican Party nominating certificate filed September 19, 1979 *nunc pro tunc* to reflect proper authentication and remitted the matter to the Board of Elections of Otsego County to determine whether to accept the certificate as amended. In our view, the dispositive issue on this appeal is whether the filing of the certificate on September 19, 1979 could be considered timely within the limits prescribed by the Election Law. We think not and are to reverse. Pursuant to subdivision 6 of section 6-158 of the Election Law, September 18, 1979 was the last date for filing the certificate. Special Term, however, reasoned that since a certificate mailed on September 18, 1979 would be timely filed when received (Election Law, § 1-106, subd 1), a certificate personally delivered on September 19, which is no later than a certificate mailed on September 18 would have been received, should be deemed as timely filed. Such reasoning, however, ignores the express statutory language that failure to comply with the time limitations for filing "shall be a fatal defect" (Election Law, § 1-106, subd 2). These time limitations are mandatory and the judiciary may not fashion exceptions, however reasonable they might be made to appear *(Matter of Baker v Monahan,* 42 NY2d 1074; *Matter of Carr v New York State Bd. of Elections,* 40 NY2d 556). Moreover, it is clear that the Election Law contemplates some act toward effectuating the filing on or before the last date prescribed for filing, either by personal delivery to the board or posting in the mail. Here, however, no such act was taken until one day after the last day prescribed for filing. Thus, Special Term erred in concluding that the certificate delivered to the board on September 19, 1979 could have been timely filed and, accordingly, no useful purpose could have been served by granting petitioner's application to amend that certificate *nunc pro tunc.* Judgment

reversed, on the law, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Main and Herlihy, JJ., concur.