(March 16, 1990)

■ In the Matter of JOSE E. SERRANO, Appellant, v VINCENT J. CUTTITA et al., Respondents.—Judgment of the Supreme Court, Bronx County (Lewis R. Friedman, J.), entered on March 15, 1990, which granted the petition seeking to invalidate the nomination of respondent Simeon Golar as the Republican Party congressional candidate in the special election to be held on March 20, 1990, in the 18th Congressional District, unanimously reversed, on the law, and the petition denied and dismissed, without costs.

Petitioner Jose E. Serrano has been nominated by the Democratic Party as its congressional candidate in the special election to be held in the 18th Congressional District on March 20, 1990. This proceeding was brought by Mr. Serrano to invalidate the nomination of his opponent in the special election, the Republican Party nominee, Simeon Golar. Mr. Golar's nomination was ruled invalid by the Supreme Court because Mr. Golar's certificate of nomination was filed at the Board of Elections at 8:33 A.M., a circumstance which the court found violative of Election Law § 1-106 (1) which provides that "[a]ll papers required to be filed pursuant to the

provisions of this chapter shall, unless otherwise provided, be filed between the hours of nine A.M. and five P.M."

While we agree with the Supreme Court that the time limitations set forth in the statute must be strictly enforced (see, Matter of Rutherford v Jones, 128 AD2d 978, lv denied 69 NY2d 606), we do not agree that the statute requires the conclusion that Mr. Golar's certificate of nomination was untimely filed. This is for the reason that Mr. Golar's certificate of nomination was filed with the New York City Board of Elections on the last day for filing and the statute specifically relaxes the aforecited rigid 9:00 A.M. to 5:00 P.M. limitation on the last day for filing. As is here relevant, the statute provides "certificates * * * required to be filed with the board of elections of the city of New York must be actually received by such city board of elections on or before the last day to file any such * * * certificate * * * and such office shall be open for the receipt of such * * * certificates * * * until midnight on the last day to file any such * * * certificate" (Election Law § 1-106 [1]).

Had the Legislature wished to preclude filing before 9:00 A.M. on the last day for filing, we believe that it would have so stated in the aforecited special provisions governing the timeliness of filing on the last day for doing so. In the absence of any express direction preventing filing before 9:00 A.M., we will not read so restrictive a provision into the law, particularly when it would seem clear that it was the Legislature's intention not to restrict, but rather to enlarge the time for filing on the last day for filing. The Board of Election's receipt of Mr. Golar's certificate of nomination at 8:33 was certainly consistent with the evident legislative intent and, as it was not expressly forbidden by the statute, we see no basis for the nomination's invalidation.

Petitioner's constitutional argument has been considered and found to be without merit. Concur—Murphy, P. J., Rosenberger, Kassal and Wallach, JJ.