(August 25, 1995)

■ In the Matter of BETH G. COZZOLINO et al., Respondents-Appellants, v COLUMBIA COUNTY BOARD OF ELECTIONS et al., Appellants-Respondents. [631 NYS2d 82] —Per Curiam. Cross appeals from a judgment of the Supreme Court (Connor, J.), entered August 22, 1995 in Columbia County, which granted petitioners' application, in a proceeding pursuant to Election Law § 16-102, to declare valid the designating petition naming petitioner Beth G. Cozzolino as the Conservative Party candidate for the office of Columbia County District Attorney in the September 12, 1995 primary election.

A candidate who seeks a party nomination for public office in a primary election but who is not an enrolled member of that party must obtain a certificate of authorization from that party, which must be filed no later than four days after the last day to file the designating petition (*see*, Election Law § 6-120). In this case, the chairperson of petitioner Columbia County Conservative Party Committee filed several documents on May 22, 1995, including certificates which authorized the nomination of petitioner Beth G. Cozzolino and respondent Marlene O. Tuczinski, who are not enrolled members of the Conservative Party, as candidates for the Conservative Party's nomination for the office of County District Attorney. The filings occurred at approximately 8:00 A.M., during the summer office hours of 8:00 A.M. to 4:00 P.M. set by respondent Columbia County Board of Elections (hereinafter the Board).

Respondent Steven R. Bruno timely filed objections and specifications which alleged that Cozzolino's certificate of authorization was invalid (*see*, Election Law § 6-154 [2]) because it was not filed between the hours of 9:00 A.M. and 5:00 P.M. specified for the filing of papers by Election Law § 1-106 (1). Concluding

that no determination of the validity of Cozzolino's certificate of authorization was necessary unless and until a designating petition was filed naming Cozzolino as a candidate, the Board did not rule on the objections for several weeks. Cozzolino, who was unaware of the objections, filed her designating petition for the Conservative Party primary election on July 12, 1995 and the next day the Board declared her petition invalid due to the failure to file the certificate of authorization during the hours specified by the statute. On July 14, 1995 the Board sent Cozzolino a notice of its determination via certified mail, return receipt requested (*see*, Election Law § 6-154 [3]).

Cozzolino timely commenced this proceeding pursuant to Election Law § 16-102 to validate her designating petition. As alternative relief, she sought to invalidate Tuczinski's designating petition on the ground that it was subject to the same defect as had resulted in the invalidation of Cozzolino's designating petition. Supreme Court apparently concluded that the delay by the Board in ruling on the objections, during which Cozzolino had no notice of the objections, denied Cozzolino her right to due process. Accordingly, Supreme Court granted the petition to the extent that it sought to validate Cozzolino's designating petition.

We affirm, but not on the due process reasoning adopted by Supreme Court.* In *Matter of Rutherford v Jones* (128 AD2d 978, *lv denied* 69 NY2d 606), we declared invalid an independent nominating petition which a candidate handed to a village clerk in the hallway outside the village clerk's office at 8:30 A.M.; the clerk agreed to file the petition when the office opened. We held that the petition was filed when it was handed to the clerk and that the failure to file within the time period specified in Election Law § 1-106 (1) was a fatal defect. We noted our similar prior holding in *Matter of Hutchins v Culver* (104 AD2d 533) on virtually identical facts.

Our cases have adhered to an inflexible rule which holds all filings fatally defective if they occur outside the 9:00 A.M. to 5:00 P.M. period specified in Election Law § 1-106 (*see, e.g., Matter of Stempel v Kinley*, 176 AD2d 1063, 1064; *Matter of Rutherford v Jones, supra*, at 979), but we are of the view that such an inflexible rule no longer reflects the Legislature's intent regarding technical requirements of the Election Law. The Election Reform Act of 1992 (L 1992, ch 79) was enacted in response to the "hypertechnical intricacy" of New York's Election Law, which "sets traps for the unwary to protect the

---

* We have considered and rejected the arguments which urge dismissal of the proceeding on procedural grounds.

incumbent" (Governor's Mem, 1992 McKinney's Session Laws of NY, at 2877). As a result of the Act, technical requirements as to the form of a petition have been eased (*see*, L 1992, ch 79, §§ 10, 11, 12, 13, 14), and "[h]armless mistakes on the petition forms will no longer have to mean the end of a campaign" (Governor's Mem, 1992 McKinney's Session Laws of NY, at 2877).

Although the Act contains no specific provision which expressly relaxes the time limits set by Election Law § 1-106, the Act clearly and unambiguously reflects the Legislature's recognition that "an innocent violation of some technical requirement having no logical bearing upon the underlying purpose of preventing fraud" should no longer "abort candidacies and disenfranchise voters" (*Matter of Montgomery v Goodspeed*, 196 AD2d 675, 677-678, *affd* 82 NY2d 710). It is clear that the filings which occurred at 8:00 A.M. in this case were nothing more than innocent violations of a technical requirement which has no logical bearing upon the prevention of fraud. The filings occurred *during* the office hours set by the Board, and the Board was clearly authorized to open before 9:00 A.M. (*see*, Election Law § 3-214 [3]). It makes no sense to construe the Election Law as authorizing the Board to open its office before 9:00 A.M. but not authorizing any filings in that office until 9:00 A.M. We also note that the Board's acceptance of papers during its 8:00 A.M. to 4:00 P.M. office hours did not enlarge the period for filing beyond eight hours per day. The filings at issue herein occurred during the Board's regular office hours, long before the last day for filing, and there is no evidence of any fraud or other misconduct; nor did Cozzolino gain any advantage by the 8:00 A.M. filing. To the contrary, her opponent's certificate of authorization was filed at the same time.

As a result, if we were required to invalidate Cozzolino's designating petition due to the untimely filing of the certificate of acceptance, we would also be required to grant her request for alternative relief and invalidate her opponent's designating petition, leaving no candidates for the office of Columbia County District Attorney in the Conservative Party primary election. The better result, and the one which is consistent with the legislative intent evidenced by the Election Reform Act of 1992, is to permit the members of the Conservative Party to exercise their right to choose a candidate. The judgment should, therefore, be affirmed.

Cardona, P. J., White, Casey, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.