(October 13, 1995)

In the Matter of PATRICIA D. PIERCE, Appellant, v MICHAEL L. BREEN et al., Respondents. [632 NYS2d 677] —Per Curiam. Appeal from a judgment of the Supreme Court (Hughes, J.), entered October 4, 1995 in Schoharie County, which dismissed petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the certificate of nomination nominating respondent Michael L. Breen as the Democratic Party candidate for the office of Schoharie County Judge in the November 7, 1995 general election.

On July 25, 1995, the incumbent Schoharie County Judge resigned from office. Thereafter, on August 10, 1995, respondent Schoharie County Democratic Committee met and nominated respondent Michael L. Breen as the Democratic Party's candidate for County Judge. A certificate of nomination was filed on Breen's behalf with respondent Schoharie County Board of Elections on August 11, 1995. Petitioner filed objections, contending that Breen's certificate of nomination had been filed prematurely. The Board met on September 28, 1995 to consider this matter but did not arrive at a determination as to whether Breen's certificate of nomination should be invalidated. As a result, Breen's name remained on the ballot.

Petitioner thereafter commenced this proceeding seeking an order invalidating Breen's certificate of nomination. Supreme

Court, relying upon this Court's recent decision in *Matter of Cozzolino v Columbia County Bd. of Elections* (218 AD2d 921, *lv denied* 86 NY2d 704), dismissed the petition, finding that the "innocent" filing error at issue here should not be sufficient to remove Breen from the ballot. This appeal by petitioner followed.

There must be a reversal. Insofar as is relevant to this appeal, Election Law § 6-116, which governed Breen's nomination, provides that "[a] party nomination of a candidate for election to fill a vacancy in an elective office required to be filled at the next general election, occurring after seven days before the last day for circulating designating petitions * * * shall be made, after the day of the primary election, by a majority vote of * * * a quorum of the members of a county committee". Election Law § 6-158 (6) provides, in relevant part, that "[a] certificate of party nomination made other than at the primary election for an office to be filled at the time of a general election shall be filed not later than seven days after the fall primary election". Read together, these provisions establish a window during which the certificate of nomination must be filed. Inasmuch as the primary occurred on September 12, 1995, Breen's certificate of nomination could not be filed prior to that date (*see*, Election Law § 6-116) and could be filed no later than September 19, 1995 (*see*, Election Law § 6-158 [6]). Accordingly, Breen's certificate of nomination, filed on August 11, 1995, plainly was untimely.

As this Court observed in *Matter of Esiason v Washington County Bd. of Elections* (220 AD2d 878 [decided herewith]), the various time limitations imposed by the Election Law are mandatory in nature and this Court lacks the authority to fashion any exceptions. The filing requirements contained in the Election Law establish a timetable for the candidates to follow, aid in the orderly progression of events leading up to the election and bring a measure of finality and certainty to what might otherwise be a confusing and uncertain process (*see generally, Matter of Carr v New York State Bd. of Elections*, 40 NY2d 556). As such, the mere fact that Breen's certificate was filed too early, as opposed to too late, is of no moment.

Nor are we persuaded that our recent decision in *Matter of Cozzolino v Columbia County Bd. of Elections (supra)* mandates a different result here. Contrary to respondents' assertion, our decision in *Cozzolino* did not, and was never intended to, rewrite the Election Law, and nothing in that decision "stand[s] for the proposition that this Court may, for good cause shown,

disregard the mandatory filing deadlines contained in the Election Law" (*Matter of Esiason v Washington County Bd. of Elections, supra,* at 880). The decision in *Matter of Cozzolino* was, in our view, limited to the particular facts of that case and may not be invoked as a basis upon which to provide relief that is beyond this Court's power to grant. Respondents' remaining contentions have been examined and found to be lacking in merit.

Mikoll, J. P., Crew III and Yesawich Jr., JJ., concur.

Peters, J. (dissenting). We would affirm. As recently noted by this Court in *Matter of Cozzolino v Columbia County Bd. of Elections* (218 AD2d 921, *lv denied* 86 NY2d 704), the Legislature has provided, by passage of the Election Reform Act of 1992 (L 1992, ch 79, § 33), that " 'an innocent violation of some technical requirement having no logical bearing upon the underlying purpose of preventing fraud' should no longer 'abort candidacies and disenfranchise voters' " (*supra,* at 923, quoting *Matter of Hogan [Montgomery] v Goodspeed,* 196 AD2d 675, 677-678, *affd* 82 NY2d 710). Such an "innocent violation" is at issue in the matter before us.

Here, respondent Michael L. Breen received the unanimous nomination of respondent Schoharie County Democratic Committee on August 10, 1995 at a duly called meeting where a quorum of the Committee was present. Since there was no election of new members to the Committee as a result of the primary election held on September 12, 1995, the composition of the Committee remained unchanged. Hence, there exists nothing in the record to indicate that the Committee would have rendered a different vote after the date of the primary election.

Nonetheless, the majority now rules that to prevent disenfranchisement of the voters of Schoharie County, the Committee was required both to renominate Breen and to refile its nominating certificate, unchanged in form. Such a requirement would clearly constitute the type of " 'hypertechnical intricacy' " (*Matter of Cozzolino v Columbia County Bd. of Elections, supra,* at 922, quoting Governor's Mem, 1992 McKinney's Session Laws of NY, at 2877) that passage of the Election Reform Act of 1992 sought to avoid.

The majority's elimination of Breen from the ballot leaves the voters of Schoharie County with no choice of candidate to fill the position of County Judge. In the absence of a showing of either prejudice or fraud, it is apparent that the preferable outcome is to affirm the judgment of Supreme Court.

Spain, J., concurs. Ordered that the judgment is reversed, on the law, without costs, petition granted, and it is declared that

the certificate of nomination filed by respondent Michael L. Breen is invalid.