■ In the Matter of ROY ESIASON et al., Appellants, v WASHINGTON COUNTY BOARD OF ELECTIONS, Respondent. [632 NYS2d 315] —Per Curiam. Appeal from a judgment of the Supreme Court (Dier, J.), entered October 5, 1995 in Washington County, which dismissed petitioners' application, in a proceeding pursuant to Election Law § 16-102, to, inter alia, declare valid the certificates of nomination and acceptance naming petitioners as the Democratic Party candidates for various offices in the Town of Granville in the November 7, 1995 general election.

Petitioners are enrolled members of the Democratic Party of the Town of Granville, Washington County. On August 28, 1995, a nominating caucus was held for the Town at which time Angelo J. Scott, Jr. was elected as presiding officer, and petitioners were nominated for various Town offices. Thereafter, those candidates present, including petitioners, duly signed their certificates of nomination and acceptance and turned them over to Scott for filing. The deadline for filing said certificates was September 19, 1995 (Election Law § 6-158 [6]).

One of the candidates nominated at the caucus was not in attendance and Scott, who apparently had been instructed to file the certificates en masse, held onto the executed certificates pending receipt of the remaining candidate's signature. Prior to obtaining that signature, Nick Somich, one of the candidates who had signed a certificate on August 28, 1995, notified Scott that he wished to decline the nomination. Unsure as how to proceed, Scott contacted the Democratic Commissioner of Elections, Sheila Haley, who purportedly advised Scott that Somich's declination extended the time to file by one week, from September 19, 1995 to September 26, 1995, in order to fill the vacancy (see, Election Law § 6-158 [7], [8]). Scott mistakenly believed that the deadline for filing the remaining certificates would be similarly extended in order to permit filing of the entire slate of candidates at the same time.

On September 20, 1995, Scott received a phone call from Haley inquiring as to why he had failed to file petitioners' certificates by the September 19, 1995 deadline. Scott immediately filed petitioners' certificates but, two days later, respondent informed petitioners that the certificates had been declared invalid due to the untimely filing and, hence, their names would not appear on the ballots for the general election. Petitioners thereafter commenced this proceeding seeking, inter alia, the validation of their certificates by respondent. Supreme Court

denied this relief and directed respondent to proceed with the printing of the ballots for the general election. This appeal by petitioners followed.

There must be an affirmance. Election Law § 1-106 (2) provides that "[t]he failure to file any petition or certificate relating to the designation or nomination of a candidate for party position or public office or to the acceptance or declination of such designation or nomination within the time prescribed by the provisions of this chapter *shall be a fatal defect*" (emphasis supplied). Petitioners concede that the certificates at issue here were not filed by the September 19, 1995 deadline, and the case law interpreting Election Law § 1-106 (2) and its predecessor, Election Law former § 143 (12) (as amended by L 1969, ch 529, § 1), makes it clear that such time limitations are mandatory in nature, and the judiciary is "foreclos[ed] * * * from fashioning exceptions, however reasonable they might be made to appear" (*Matter of Baker v Monahan*, 42 NY2d 1074, 1075; *see, e.g., Matter of Stempel v Kinley*, 176 AD2d 1063, 1064; *Matter of Irvin v Sachs*, 129 AD2d 827, 828; *Matter of Spencer*, 71 AD2d 1062, 1063). Although petitioners present a sympathetic case, relaxing the mandatory filing requirements would not only render the various deadlines set forth in the Election Law utterly meaningless, but would also interject confusion and inequality into a process where the Legislature plainly intended stability and uniformity to prevail.

Petitioners' remaining arguments for reversal do not warrant extended discussion. As a starting point, the mere fact that petitioners were not directly responsible for the failure to file the relevant certificates in a timely fashion is of no moment (*see, Matter of Carr v New York State Bd. of Elections*, 40 NY2d 556, 558-559 [holding that Election Law former § 143 (12) makes no distinction between an individual candidate's failure to file a certificate in a timely fashion and instances where such failure is based upon a party official's omission or neglect]). Similarly unavailing is petitioners' assertion that the certificates, which were hand delivered to respondent on September 20, 1995, arrived no later than they would have had Scott mailed the certificates on September 19, 1995. This argument overlooks the fact that Election Law § 1-106 "contemplates some act toward effectuating the filing on or before the last date prescribed for filing, either by personal delivery to the board or posting in the mail" (*Matter of Seward v Reardon*, 72 AD2d 645). Had Scott mailed the certificates on September 19, 1995, they would have been deemed filed on that date (*see*, Election Law § 1-106 [1]), regardless of when the certificates

actually were received; however, Scott made no attempt to file the certificates in any fashion until the prescribed deadline had passed. Nor are we persuaded that this case, which amounts to nothing more than an unfortunate misunderstanding regarding the last day for filing, rises to the level of "exigent circumstances" warranting this Court's intervention (*see*, *Matter of Bristol v Chiavaroli*, 54 AD2d 72, 74-75, *affd* 40 NY2d 898).

Finally, we are of the view that our recent decision in *Matter of Cozzolino v Columbia County Bd. of Elections* (218 AD2d 921, *lv denied* 86 NY2d 704) provides no relief for petitioners. In *Matter of Cozzolino*, the local board of elections established summer office hours of 8:00 A.M. to 4:00 P.M. as authorized by Election Law § 3-214 (3). When the certificates of authorization for both the petitioner and her opponent were filed at 8:00 A.M. on a day when the summer hours were in effect, and well before the last day of filing, an objection was raised that petitioner's certificate was invalid because it was not filed between the hours of 9:00 A.M. and 5:00 P.M. as prescribed by Election Law § 1-106 (1).

In upholding the validity of the filings, this Court noted the apparent conflict between Election Law § 1-106 (1) and Election Law § 3-214 (3) and held that "[i]t makes no sense to construe the Election Law as authorizing the [local board] to open its office before 9:00 A.M. but not authorizing any filings in that office until 9:00 A.M." (*Matter of Cozzolino v Columbia County Bd. of Elections, supra*, at 923). No such conflict is present here, however, and there is no room for interpreting the mandatory requirements of Election Law § 1-106 (2). Nor does the matter now before us involve the failure to comply with a "hypertechnical" requirement, as was the case in *Matter of Cozzolino*. Additionally, permitting the filings in *Matter of Cozzolino* to occur between the hours of 8:00 A.M. and 4:00 P.M. did not enlarge the overall period for filing, whereas relaxation of the filing deadline here would grant petitioners an additional day in which to file their certificates. In short, although validation of the relevant certificates in *Matter of Cozzolino* was appropriate under the particular facts of that case, the decision in *Matter of Cozzolino* simply does not stand for the proposition that this Court may, for good cause shown, disregard the mandatory filing deadlines contained in the Election Law. For all of these reasons, Supreme Court's judgment must be affirmed.

Mikoll, J. P., Crew III and Yesawich Jr., JJ., concur.

Peters, J. (concurring). Although we disagree with the majority's narrow view of our recent decision in *Matter of Coz-*

*zolino v Columbia County Bd. of Elections* (218 AD2d 921, *lv denied* 86 NY2d 704), we concur in their determination that the violation of Election Law § 1-106 (2) by petitioners herein is fatal.

While it was our opinion that the rationale of *Matter of Cozzolino* should have been embraced in *Matter of Pierce v Breen* (220 AD2d 875 [decided herewith]), *Matter of Cozzolino* can have no such curative effect here. The untimeliness in *Matter of Pierce* (*supra*) involved an early filing of a document which would have remained unchanged had there been full compliance with the statute. Due to the absence of a prejudicial effect therefrom or a contention that a relaxation of the technical requirements would increase the potential for fraud, we found the untimeliness to be a hypertechnical violation resulting in voter disenfranchisement by the elimination of a choice of candidate—the very purpose for which the Legislature enacted the Election Reform Act of 1992 (L 1992, ch 79, § 33; *see*, *Matter of Cozzolino v Columbia County Bd. of Elections*, *supra*). Here, however, there was no attempt to satisfy the requirements of Election Law § 1-106 (2) until after the prescribed filing deadline had passed. As noted by the majority, such circumstances breed confusion and inequality and therefore interject the potential for fraud into the electoral process.

Spain, J., concurs. Ordered that the judgment is affirmed, without costs.