OPINION OF THE COURT
 

 Per Curiam.
 

 On August 10, 1995, with a quorum assembled, the Schoharie County Democratic Committee (Committee) met and nominated Michael Breen as its candidate for County Court Judge to fill a vacancy that had been created by a recent resignation. The Committee filed a certificate of nomination with the Schoharie County Board of Elections on the following day, August 11, 1995.
 

 Petitioner filed objections on September 22, 1995, contending that Breen’s certificate of nomination had been prematurely filed in violation of Election Law §§ 6-116 and 6-158 (6). Election Law § 6-116 provides that "[a] party nomination * * * shall be made, after the day of the primary election.” This year’s primary election was held on September 12, 1995. Election Law § 6-158 (6) provides that the last day for filing a party nomination shall be "not later than seven days after the fall primary election,” i.e., September 19, 1995. The Committee did not reconvene, nor refile the certificate of nomination during this seven-day period.
 

 This proceeding was commenced on September 25, 1995.
 
 *458
 
 Supreme Court found that the "mistake of meeting and filing the certificate of nomination prematurely” was an "innocent error” and should not "serve to abort Mr. Breen’s candidacy,” and therefore dismissed the petition. The Appellate Division reversed, granted the petition and struck Breen from the ballot. Two Justices dissented and this appeal as of right ensued (CPLR 5601 [a]). We now affirm.
 

 Breen argues that pursuant to Election Law § 6-154 (2), objections to any certificate of nomination must be filed within three days of filing and a proceeding must be commenced within the time limits provided under Election Law § 16-102 (2), i.e., within 10 days after the filing of the certificate, and therefore petitioner’s challenge, commenced six weeks from the date of filing, renders this proceeding untimely. He further argues that the premature filing was, at best, an "innocent violation” and invalidation of Breen’s certificate of nomination would totally deprive the voters of any choice in the forthcoming general election.
 

 Petitioner counters that the objections and the petition were timely filed; that this is not the type of case the Election Law Reform Act of 1992 (L 1992, ch 79, § 33) was designed to avoid; that this is a timetable case and failure to adhere to the statutorily prescribed window mandates granting the petition, invalidation of the nomination certificate and an affirmance herein. We agree.
 

 Election Law § 6-154 (2) provides that "objections shall be filed * * * within three days after the filing of the * * * certificate to which objection is made, or within three days after the last day to file such a certificate, if no such certificate is filed.” Here, the filing of the objections occurred on September 22, 1995, three days after the last day to file the certificate of nomination, and we find they were properly taken and this action was timely commenced.
 

 The premature August filing of the certificate of nomination, not in compliance with the strict election timetable, did not constitute a timely filing as contemplated by Election Law §§ 6-116 and 6-158 (6)
 
 (see, Matter of Bush v Salerno,
 
 51 NY2d 95;
 
 Matter of Carr v New York State Bd. of Elections,
 
 40 NY2d 556). To find otherwise not only would dilute the integrity of the election process, but would jeopardize enforcement of the mandatory filing requirements set forth in the Election Law. Here, it is clear that the error was more than a "mere technicality.” There is simply no valid explanation for the
 
 *459
 
 premature meeting and filing. The fact that the composition of the Committee would not be altered at the primary is of no consequence. Nor is the absence of a showing of fraud of any significance. The Election Reform Act does not alter the strict filing provisions of Election Law § 1-106. Thus, the failure to file "within the time prescribed * * * shall be a fatal defect.”
 

 Appellants’ remaining arguments are without merit.
 

 Accordingly, the order of the Appellate Division should be affirmed, without costs.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur in Per Curiam opinion.
 

 Order affirmed, without costs.