■ In the Matter of BARBARA BREITENSTEIN, Respondent, v THOMAS TURCO et al., Constituting the Ulster County Board of Elections, Respondents, and DANIEL GREAVES, Appellant. [679 NYS2d 162] —Per Curiam. Appeal from a judgment of the Supreme Court (Bradley, J.), entered August 27, 1998 in Ulster County, which granted petitioner's application for an extension of time to file specifications of objections with the Ulster County Board of Elections to the independent nominating petition naming respondent Daniel Greaves as the Justice Party candidate for the office of Ulster County Sheriff in the November 3, 1998 general election.

On August 20, 1998, petitioner filed objections to the independent nominating petition naming respondent Daniel Greaves as the Justice Party candidate for the office of Ulster County Sheriff. Pursuant to Election Law § 6-154 (2), petitioner was required to file specifications of objections to Greaves' nominating petition within six days of filing of the general objections, i.e., no later than August 26, 1998. The parties do not dispute that on that date, petitioner indeed filed such specifications with the Ulster County Board of Elections challenging certain of the signatures contained on Greaves' nominating petition. Additionally, petitioner moved by order to show cause on that date for an extension of time to file additional specifications. Following a hearing conducted on August 27, 1998, Supreme Court (Bradley, J.) granted petitioner's application and directed that petitioner have until 9:00 A.M. on August 28, 1998 to file her specifications of objections.

Petitioner thereafter filed additional specifications of objections and, on August 31, 1998, the Board of Elections invalidated a sufficient number of signatures on Greaves' nominating petition to render such petition invalid. Greaves then commenced a proceeding pursuant to Election Law § 16-102 seeking to validate his nominating petition. By order entered September 25, 1998, Supreme Court (Connor, J.) concluded that Greaves' nominating petition did not contain the requisite number of valid signatures and, hence, dismissed the proceeding.* By notice of appeal filed September 24, 1998, Greaves appeals only Justice Bradley's August 27, 1998 judgment granting petitioner an extension of time to file additional specifications of objections.

---

* Although the record before us does not contain any materials with respect to those activities undertaken by the parties after Supreme Court's August 27, 1998 judgment, this Court has been provided with a copy of Justice Connor's September 25, 1998 order and we will take judicial notice of such order and the underlying proceeding pursuant to Election Law § 16-102.

To be sure, Election Law § 16-100 (1) broadly provides that "[t]he supreme court is vested with jurisdiction to summarily determine any question of law or fact arising as to any subject set forth in this article, which shall be construed liberally". Election Law § 16-116 makes clear, however, that a proceeding under the Election Law is a "special proceeding" and, hence, a party may seek relief only in the form and to the extent that Election Law article 16 expressly permits (*see generally*, CPLR 103 [b]; Siegel, NY Prac § 4, at 5 [2d ed]). Insofar as is relevant to this appeal, petitioner was limited to the relief available under Election Law § 16-102, which governs challenges to, *inter alia*, independent nominating petitions. As Election Law § 16-102 does not permit a party to move by order to show cause for an extension of time to file specifications of objections, petitioner was without authority to seek the requested relief and, therefore, Supreme Court's judgment granting such relief was a nullity (*see, F & K Supply v Freeman*, 243 AD2d 933, 933-934; *cf., Matter of Heisler v Gingras*, 238 AD2d 702). Accordingly, Supreme Court's judgment must be reversed.

Moreover, even assuming that there were statutory grounds permitting petitioner to seek an extension of time to file specifications, we would conclude that Supreme Court was without authority to grant the requested relief. Election Law § 6-154 (2) provides, in relevant part, that where, as here, general objections are filed, "specifications of the grounds of the objections shall be filed within six days thereafter with the same officer or board *and if specifications are not timely filed, the objection shall be null and void*" (emphasis supplied). The statute, in our view, could not be more clear, and a review of the case law interpreting that provision plainly reveals that the failure to file specifications within the prescribed time period is jurisdictionally fatal (*see, Matter of Bush v Salerno*, 51 NY2d 95, 98; *cf., Matter of Esiason v Washington County Bd. of Elections*, 220 AD2d 878, 879, *lv denied* 86 NY2d 709; *Matter of Pierce v Breen*, 220 AD2d 875, 876, *affd* 86 NY2d 455). Accordingly, we would conclude that Supreme Court simply was without authority to extend the six-day filing window (*see, id.*). As this Court previously has noted, "relaxing the mandatory filing requirements would not only render the various deadlines set forth in the Election Law utterly meaningless, but would also interject confusion and inequality into a process where the Legislature plainly intended stability and uniformity to prevail" (*Matter of Esiason v Washington County Bd. of Elections, supra*, at 879).

Crew III, J. P., White, Carpinello and Graffeo, JJ., concur.

Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.