(October 17, 2003)

■ In the Matter of LIZ A. GENTNER, Respondent, v ALBANY COUNTY BOARD OF ELECTIONS et al., Respondents, and RICHARD R. REILLY et al., Appellants. [765 NYS2d 391] —Per Curiam. Appeal from an order of the Supreme Court (McNamara, J.), entered September 9, 2003 in Albany County, which granted petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare valid the designating petition naming petitioner as the Republican Party candidate for the office of Town Councilperson, Town of New Scotland, in the November 4, 2003 general election.

On July 10, 2003, a designating petition was allegedly filed with respondent Board of Elections (hereinafter the Board) nominating petitioner as the Republican Party candidate for the office of Town Councilperson for the Town of New Scotland, Albany County, in the upcoming November 4, 2003 general election. Because petitioner was an enrolled member of the Conservative Party, she was required to file a certificate accepting the nomination, signed and acknowledged by her, by July 14, 2003 or the nomination would be null and void (*see*

Election Law § 1-106 [2]; § 6-146 [1]; § 6-158 [2]). On July 14, 2003, while in Sweden, petitioner sent her certificate of acceptance to the Board by facsimile. Petitioner personally presented the original certificate of acceptance to the Board on July 17, 2003. By a split decision, the Board declined to accept her faxed certificate of acceptance on the ground that a facsimile does not constitute proper filing.

Petitioner thereafter commenced this proceeding challenging the Board's decision, seeking inclusion of her name on the November 4, 2003 general election ballot as the Republican Party candidate. Supreme Court, noting that the statute neither prescribes a specific method of filing nor prohibits filing by facsimile, granted the petition and deemed the faxed certificate of acceptance properly filed. This appeal by respondents Debra Baron and Richard R. Reilly, candidates for the office of Town Councilperson for the Town of New Scotland, ensued.

We agree with the Board that delivery by facsimile of the certificate of acceptance is insufficient to constitute a filing for the purpose of Election Law § 1-106. Although Election Law § 1-106 does not explicitly require or exclude any specific method of delivery, by expressly setting forth other instances where facsimiles are permitted within the Election Law (*see e.g.* Election Law § 3-220 [5]), the Legislature has implicitly rejected the use of facsimiles when filing papers pursuant to Election Law § 1-106.

"The filing requirements contained in the Election Law establish a timetable for the candidates to follow, aid in the orderly progression of events leading up to the election and bring a measure of finality and certainty to what might otherwise be a confusing and uncertain process" (*Matter of Pierce v Breen*, 220 AD2d 875, 876 [1995], *affd* 86 NY2d 455 [1995] [citation omitted]). We conclude that construing the statute to permit filing of an acceptance certificate through facsimile, in the absence of a clear legislative intent to do so, would have the undesirable effect of injecting uncertainty and risk of fraud into the election process. Notwithstanding petitioner's attempt to file within the time limitations prescribed by statute (*see Matter of Bates v Beyer*, 36 AD2d 735 [1971]), "it is clear that the Election Law contemplates some act toward effectuating the filing on or before the last date prescribed for filing, *either by personal delivery to the board or posting [it] in the mail*" (*Matter of Seward v Reardon*, 72 AD2d 645, 645 [1979] [emphasis added]; *see Matter of Esiason v Washington County Bd. of Elections*, 220 AD2d 878, 879 [1995], *lv denied* 86 NY2d 709 [1995]). To permit the filing of facsimile

copies could have the effect of extending the time to file the original certificate of acceptance or dispensing with the need for an original document altogether. Furthermore, although not controlling, it is nevertheless noted that the guide prepared by the Board and given to candidates running for elective office explicitly states that "[n]o filings will be accepted by facsimile." In view of our decision, we need not address whether the certificate of acceptance was properly acknowledged.

Mercure, J.P., Peters, Spain, Mugglin and Kane, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition dismissed.