(October 17, 2007)

■ In the Matter of JENNIE M. WILLIAMS et al., Respondents, v EDWARD G. MCDONOUGH et al., as Commissioners of the Rensselaer County Board of Elections, et al., Appellants. [843 NYS2d 474]—

Per Curiam. Appeal from a judgment of the Supreme Court (Zwack, J.), entered October 10, 2007 in Rensselaer County, which granted petitioners' application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the certificate of nomination naming respondent Robert C. Zinzow as the Democratic Party candidate for the public office of Member of the Rensselaer County Legislature for the 4th Legislative District in the November 6, 2007 general election.

When the Member of the Rensselaer County Legislature for the 4th Legislative District died on September 8, 2007, a vacancy was created. On September 16, 2007, two days before the primary election, the Executive Committee of the Rensselaer County Democratic Party (hereinafter Committee) held a meeting and voted to nominate respondent Robert C. Zinzow as the Democratic Party candidate for the vacant office in the November 6, 2007 general election. A certificate of nomination was filed with the Rensselaer County Board of Elections on September 21, 2007, three days after the primary election. Petitioners, who are registered voters residing in the 4th Legislative District, filed objections to the certificate. They later commenced this proceeding pursuant to Election Law § 16-102 to invalidate the certificate on the sole ground that the meeting to nominate Zinzow was not held after the primary election as required by Election Law § 6-116. Citing *Matter of Pierce v Breen* (86 NY2d 455 [1995]), Supreme Court found that the Committee's premature meeting was a fatal defect and granted the petition. This appeal ensued.

Election Law § 6-116 provides, in relevant part, that a party nomination to fill a vacancy such as occurred here "shall be made, after the day of the primary election, . . . by a majority vote of a quorum of the members of a county committee or committees last elected in the political subdivision in which such vacancy is to be filled." Here, the parties stipulated that if the meeting had occurred after the primary election, the same people would have voted the same way. Also, petitioners did not dispute that the certificate of nomination was filed after the primary election within the time period prescribed by Election Law § 6-158 (6). In our view, the Committee's premature meeting was not a fatal defect and Supreme Court's reliance on the holding in *Matter of Pierce v Breen* (*supra*) was misplaced. As the Court of Appeals made clear, it was the premature filing that required invalidation of the committee's nomination in *Matter of Pierce v Breen* (86 NY2d at 458-459). This ruling is consistent with New York's policy of strictly enforcing the times

prescribed by the Election Law for the filing of election documents (*see* Election Law § 1-106 [2]; *see e.g. Matter of Plunkett v Mahoney,* 76 NY2d 848 [1990]; *Matter of Maurer v Monescalchi,* 264 AD2d 542 [1999], *lv denied* 93 NY2d 816 [1999]). As there was no premature or untimely filing of the nomination certificate here, this proceeding is readily distinguishable from *Matter of Pierce v Breen (supra).*

Nor do we find any other authority for the view that an irregularity in committee proceedings is a fatal defect. Rather, in one of the very few cases examining Election Law § 6-116, the Court of Appeals validated nominations that were timely filed even though they were voted improperly by former committee members (*see Matter of Settineri v DiCarlo,* 82 NY2d 813 [1993]). Since petitioners do not dispute that the Committee was the body authorized to vote on the nomination of Zinzow after the primary election, we deem the timing of the meeting in this instance to be an inconsequential violation which does not raise an implication of fraud or require invalidation of the nomination (*see e.g. Matter of Curley v Zacek,* 22 AD3d 954, 956 [2005], *lv denied* 5 NY3d 714 [2005]; *Matter of Pulver v Allen,* 242 AD2d 398, 400 [1997], *lv denied* 90 NY2d 805 [1997]). Accordingly, we find that Supreme Court's construction of Election Law § 6-116 unnecessarily affects the electoral process by eliminating a candidate from consideration by the voters, and its judgment should be reversed.

Crew III, J.P., Peters, Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and it is declared that the certificate of nomination naming respondent Robert C. Zinzow as the Democratic Party candidate for the public office of Member of the Rensselaer County Legislature for the 4th Legislative District is valid.