OPINION OF THE COURT
Richard M. Platkin, J.
In this proceeding brought pursuant to article 16 of the Election Law and article 78 of the CPLR, petitioner seeks an order: (1) declaring null and void the determination of respondent State Board of Elections, dated September 5, 2008, that declared untimely and invalid the independent nominating petition of the Save Jobs and Farms Party purporting to nominate petitioner Jack Davis for the office of Representative in Congress for the 26th Congressional District; (2) directing respondents to deem -valid the certificate of acceptance for such nomination filed by petitioner on or about September 4, 2008; (3) directing respondents immediately to commence review of any specifications of objections to the petition timely filed with the State Board of Elections; and (4) upon such review and a determination that the petition contains the required number of valid signatures, declaring valid, proper and legally effective such petition and directing respondents to place and print the name of Jack Davis on the ballot as the candidate of the Save Jobs and Farms Party at such election. Respondents oppose the petition through an answer.
Background
Petitioner Jack Davis alleges that he is a candidate for the office of Representative in Congress for the 26th Congressional District (hereinafter the office). On or before August 19, 2008, petitioner filed an independent nominating petition (the nominating petition) with respondent State Board of Elections naming him as the Save Jobs and Farms Party candidate for such office. According to petitioner, the nominating petition contains the legally required number of signatures and is valid and proper in all respects.
By letter dated August 19, 2008, the State Board of Elections (SBOE) acknowledged receipt of petitioner’s nominating petition and advised him that he was required to file a signed and acknowledged certificate of acceptance or declination of such nomination on or before August 22, 2008.
Petitioner alleges that on September 4, 2008, he filed via e-mail and overnight mail a duly signed and acknowledged certificate of acceptance with the SBOE, and that on September 5, 2008, he hand delivered a copy of such certificate to the SBOE. *569 On September 5, 2008, the SBOE issued a determination finding the nominating petition invalid on the ground that the certificate of acceptance was not timely filed. Petitioner further alleges, upon information and belief, that the SBOE has received certain objections to the nominating petition that are without merit.
By this proceeding, petitioner seeks to, inter alia, have the court set aside the SBOE’s determination that petitioner’s nominating petition is invalid due to the untimely filing of the certificate of acceptance. According to petitioner, respondents can and should have provided him with the opportunity to cure his untimely filing of the certificate of acceptance. Respondents disagree, contending that such a failure is a fatal defect, and the SBOE is without the authority to permit petitioner to cure such a defect.
Oral argument on the application was held on September 17, 2008, and this decision and judgment follows.
Analysis
Article 6 of the Election Law governs the nomination of candidates who seek to have their names placed on the general election ballot on behalf of independent political parties (see Election Law § 6-138). Such candidates must file with the board of elections a petition containing a specified number of signatures (see Election Law § 6-142). Independent nominating petitions must be filed no later than 11 weeks prior to the general election (see Election Law § 6-158 [9]).
Following the filing of such a petition, the candidate must either accept or decline the independent nomination. Election Law § 6-158 (7) provides that
“[a] certificate of acceptance or declination of a party nomination made other than at a primary election for an office to be filled at the time of a general election shall be filed not later than the third day after the last day to file the certificate of such party nomination.”
It is undisputed that August 25, 2008 was the last day upon which such a certificate could be filed with respect to the November 2008 general election. It also is undisputed that petitioner’s certificate of acceptance was not filed by such date.
Nonetheless, petitioner contends that respondents acted arbitrarily and capriciously in failing to allow him to cure his untimely certificate of acceptance. Petitioner directs the court’s attention to chapter 709 of the Laws of 1996 (chapter 709), *570 which amended the Election Law to liberalize ballot access in New York State. Specifically, petitioner relies upon Election Law § 6-134 (2), which provides:
“Sheets of a designating petition shall be delivered to the board of elections in the manner prescribed by regulations that shall be promulgated by the state board of elections, provided, however, that the sheets of any volume of a petition shall be numbered. Such regulations shall be no more restrictive than is reasonably necessary for the processing of such petitions by the board of elections. Such regulations shall be binding on the boards of election in each county and in the city of New York. When a determination is made that a designating petition does not comply with such regulations, the candidate shall have three business days from the date of such determination to cure the violation.” (Emphasis added.)
The same provisions are applicable to nominating petitions for independent office {see Election Law § 6-138 [2]).
The regulations promulgated by the SHOE under the authority of Election Law § 6-134 (2) provide that if a nominating or designating petition fails to comply with the cover sheet and/or binding requirements established in the SBOE regulations that govern the preparation, delivery and filing of such petitions (9 NYCRR part 6215), the candidates named on the petition shall be notified and given three business days to cure such defects (9 NYCRR 6215.7).
Thus, relying on the 1996 statutory amendments liberalizing ballot access in New York State and a legislative command that the SBOE’s implementing regulations “shall be no more restrictive than is reasonably necessary for the processing of such petitions by the board of elections” (Election Law § 6-134 [2]), petitioner argues that respondents erred in failing to extend the three-day cure period to an independent candidate’s failure to timely file a certificate of acceptance or declination of a nomination.
Petitioner’s argument fails for several reasons. First and foremost, Election Law § 1-106 (2) provides that “[t]he failure to file any . . . certificate relating to the . . . nomination of a candidate for . . . public office or to the acceptance or declination of such . . . nomination within the time prescribed by the [Election Law] shall be a fatal defect” (emphasis added). In enacting chapter 709, the State Legislature determined to leave *571 intact this long-standing rule. In the face of this clear and unequivocal statutory direction, respondents have no authority to adopt a regulation to the contrary.
Moreover, petitioner misconstrues the scope of Election Law § 6-134 (2). The cited subdivision speaks only of regulations governing the manner in which petitions are delivered to, and processed by, a board of elections. Contrary to petitioner’s suggestion, certificates of acceptance and declination of a nomination are separate and distinct filings that do not fall within its scope.
In reaching the foregoing conclusions, the court rejects petitioner’s argument that the failure to file a timely certificate of acceptance is analogous to the filing of a nominating petition with a missing or incomplete cover sheet. Petitioner acknowledges, as he must, that the requirements pertaining to cover sheets solely are a creature of SBOE regulations (see 9 NYCRR 6215.1, 6215.2). Thus, the filing of a designating or nominating petition with a missing or defective cover sheet does not constitute the “failure to file [a] petition . . . relating to the designation or nomination of a candidate for . . . public office” within the meaning of Election Law § 1-106 (2). Accordingly, there is no inconsistency in the SBOE permitting cover sheet defects to be cured, while insisting that the failure to timely file a certificate of acceptance is a fatal, noncurable defect.*
Accordingly, the court concludes that this case is governed by myriad authorities holding that the failure to timely file a certificate of acceptance is a fatal defect that cannot be cured or excused (see e.g. Matter of Monroe v Lomenzo, 40 AD2d 727 [3d Dept 1972], affd 31 NY2d 705 [1972]; Matter of Esiason v Washington County Bd. of Elections, 220 AD2d 878 [3d Dept 1995]). As the Appellate Division, Third Department, has explained, “relaxing the mandatory filing requirements would not only render the various deadlines set forth in the Election Law utterly meaningless, but would also interject confusion and inequality into a process where the Legislature plainly intended stability and uniformity to prevail” (Matter *572 of Esiason at 879). Having left Election Law § 1-106 (2) intact in adopting chapter 709, it is clear that the Legislature did not intend to alter this long-standing policy.
Conclusion
Petitioner has failed to demonstrate that respondents erred in failing to apply the three-day cure period to petitioner’s failure to timely file a certificate of acceptance.
Accordingly, the petition is dismissed.

 And even if petitioner were correct in this argument, he cannot claim to be injured by reason of the SBOE permitting cover sheet defects to be cured. Certainly the SBOE’s position with respect to cover sheets would not authorize the agency to defy the Legislature’s express command that the failure to timely file a certificate of acceptance is a fatal defect.