■ In the Matter of STEFANIE NICOLE FEDAK et al., Respondents-Appellants, v JONATHAN J. JUDGE, Appellant-Respondent, and BOARD OF ELECTIONS IN THE CITY OF NEW YORK, Respondent. [897 NYS2d 194]—

In a proceeding pursuant to Election Law § 16-102 to invalidate an independent nominating petition nominating Jonathan J. Judge as the candidate of the People's Voice Party in a special election to be held on March 23, 2010, for the public office of Member of the New York City Council, 44th Council District, Jonathan J. Judge appeals from (1) an order of the Supreme Court, Kings County (Martin, J.), dated March 9, 2010, which denied his application to dismiss the proceeding, and (2) a final order of the same court dated March 9, 2010, which, upon the order and after a hearing, granted the petition and directed that his name be removed from the ballot, and Stephanie Nicole Fedak and David G. Greenfield cross-appeal from so much of the final order as determined that David G. Greenfield would not have been permitted to proceed as an aggrieved candidate if the petition were dismissed insofar as asserted by Stephanie Nicole Fedak.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the cross appeal is dismissed, as Stephanie Nicole Fedak and David G. Greenfield are not aggrieved by the final order cross-appealed from, without costs or disbursements (*see* CPLR 5511); and it is further,

Ordered that the final order is affirmed on the appeal, without costs or disbursements.

The appeal from the intermediate order must be dismissed. No appeal lies as of right from an order which does not decide a motion made on notice (*see* CPLR 5701 [a] [2]), and we decline to grant leave to appeal since the right of direct appeal from the intermediate order terminated with the entry of the final order in the proceeding (*see Matter of Aho*, 39 NY2d 241, 248 [1976]; *Matter of Myers v Baisley*, 65 AD3d 649 [2009]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the final order (*see* CPLR 5501 [a] [1]).

Election Law § 1-106 states, in relevant part, that "[a]ll papers required to be filed pursuant to the provisions of this chapter shall, unless otherwise provided, be filed between the hours of nine A.M. and five P.M." (Election Law § 1-106 [1]).

On February 19, 2010, the objector, Stephanie Nicole Fedak, filed a general objection to an independent nominating petition filed with the Board of Elections in the City of New York (hereinafter the Board of Elections) by Jonathan J. Judge for the public office of Member of the New York City Council for the 44th Council District. The general objection was stamped "received" by the Board of Elections at 8:54 A.M., or six minutes before the prescribed time for filing set forth in Election Law § 1-106 (1). Subsequently, Fedak and David G. Greenfield, a candidate for the same public office sought by Judge, commenced the instant proceeding to invalidate Judge's independent nominating petition. The Supreme Court denied Judge's application to dismiss the proceeding on the ground that Fedak's general objection was not timely filed, granted the petition to invalidate, and directed that Judge's name be removed from the ballot.

The issue raised on appeal is whether the filing of the general objection at 8:54 A.M. rendered it invalid and, therefore, requires the dismissal of the proceeding to invalidate, insofar as asserted by Fedak. We hold that, under the particular circumstances of this case, the filing of the general objection was not untimely. The filing of the general objection in this case was made on a day that was within the applicable period for filing objections and at a time when the Board of Elections was open for business (*see* Election Law § 3-214 [3]), and the general objection

was accepted for filing by an employee of the Board of Elections. Moreover, this is not a case involving a late filing. Rather, the filing occurred before the deadline for the filing of objections (*see Matter of Cozzolino v Columbia County Bd. of Elections*, 218 AD2d 921 [1995]; *see also Matter of Serrano v Cuttita*, 159 AD2d 328 [1990]). Further, we note that Election Law § 1-106 (1) permits a person to file certain papers, including objections, by mail at any time, but that those papers "required to be filed with the board of elections of the city of New York must actually be received by such city board of elections on or before the last day to file." In the case of filing by mail, the official act of filing need not occur between the hours of 9:00 A.M. and 5:00 A.M. in order to be valid and, thus, a potentially affected party is not prejudiced by such a filing even though the papers sought to be filed may not have been accepted for filing by the Board of Elections as a matter of official business during those hours, as long as they have been received prior to the deadline. The circumstances at bar are analogous and, therefore, we affirm the final order.

In light of the foregoing, we need not reach the parties' remaining contentions. Covello, J.P., Florio, Miller, and Eng, JJ., concur.