■ In the Matter of RICHARD M. RHOADES, Respondent, v WESTCHESTER COUNTY BOARD OF ELECTIONS, Respondent, and EVELYN M. McCORMACK et al., Appellants. (Proceeding No. 1.) In the Matter of RICHARD M. RHOADES et al., Respondents, v WESTCHESTER COUNTY BOARD OF ELECTIONS, Respondent, and EVELYN M. McCORMACK et al., Appellants. (Proceeding No. 2.) [970 NYS2d 801]—

In related proceedings, inter alia, pursuant to Election Law § 16-102 to invalidate a petition for an opportunity to ballot by providing for a write-in candidate pursuant to Election Law § 6-164 in a primary election to be held on September 10, 2013, for the nomination of the Independence Party as its candidate for the public office of Westchester County Executive, Evelyn M. McCormack, Elisabeth L. Alberty, Christina A. Oros, Theodora M. Cerino, Margaret M. Sculti, James Travalino, and Nicole M. Deshensky appeal, as limited by their brief, from so much of an amended final order of the Supreme Court, Westchester County (DiBella, J.), entered August 12, 2013, as, after a hearing, granted the petition to invalidate the petition for an opportunity to ballot.

Ordered that the amended final order is affirmed insofar as appealed from, without costs or disbursements.

Election Law § 1-106 provides that papers shall be filed with the relevant board of elections between the hours of 9:00 a.m. and 5:00 p.m. Moreover, the "failure to file any petition or certificate relating to the designation or nomination of a candidate for party position or public office . . . within the time prescribed by the provisions of this chapter shall be a fatal defect" (Election Law § 1-106 [2]). "[T]he case law interpreting Election Law § 1-106 (2) and its predecessor, Election Law former § 143 (12) (as amended by L 1969, ch 529, § 1), makes it clear that such time limitations are mandatory in nature, and the judiciary is 'foreclos[ed] . . . from fashioning exceptions, however reasonable they might be made to appear' " (*Matter of Esiason v Washington County Bd. of Elections*, 220 AD2d 878, 879

[1995], quoting *Matter of Baker v Monahan*, 42 NY2d 1074, 1075 [1977]; *see Matter of Hutson v Bass*, 54 NY2d 772, 774 [1981]; *Matter of Fintz v Poveromo*, 197 AD2d 944 [1993]; *Matter of Irvin v Sachs*, 129 AD2d 827, 828 [1987]; *Matter of Spencer*, 71 AD2d 1062, 1063 [1979]).

Here, the parties agree that the petitioners filed a petition for an opportunity to ballot with the Westchester County Board of Elections at 9:43 p.m. on July 18, 2013. Since the "overall period for filing" ended at 5:00 p.m. on July 18, 2013, the Supreme Court correctly determined that the filing of the petition for an opportunity to ballot more than four hours later was a fatal defect (*Matter of Esiason v Washington County Bd. of Elections*, 220 AD2d at 880; *see* Election Law § 1-106 [2]; *Matter of Hutson v Bass*, 54 NY2d at 774; *Matter of Fintz v Poveromo*, 197 AD2d at 945; *cf. Matter of Fedak v Judge*, 71 AD3d 892, 894 [2010]; *Matter of Cozzolino v Columbia County Bd. of Elections*, 218 AD2d 921 [1995]). *Matter of Fedak* and *Matter of Cozzolino* are not to the contrary, as those cases did not involve late filings (*see Matter of Fedak v Judge*, 71 AD3d at 894; *Matter of Cozzolino v Columbia County Bd. of Elections*, 218 AD2d at 923).

In light of our determination, the parties' remaining contentions need not be addressed. Skelos, J.P., Leventhal, Lott and Hinds-Radix, JJ., concur.