Matter of Loftus-Doran v Mayer (2018 NY Slip Op 02284)





Matter of Loftus-Doran v Mayer


2018 NY Slip Op 02284


Decided on March 30, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 30, 2018

526370

[*1]In the Matter of MARYELLEN LOFTUS-DORAN et al., Respondents,
v
SHELLEY MAYER et al., Appellants, et al., Respondents.

Calendar Date: March 29, 2018

Before: Garry, P.J., Lynch, Devine, Aarons and Rumsey, JJ.


James E. Long, Albany, for appellants.
Sinnreich, Kosakoff & Messina, LLP, Central Islip (John Ciampoli of counsel), for Maryellen Loftus-Doran and another, respondents.



MEMORANDUM AND ORDER
Appeal from an amended order of the Supreme Court (Zwack, J.), entered March 14, 2018 in Albany County, which, among other things, granted petitioners' application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the certificates of nomination and authorization naming respondent Shelley Mayer as the purported candidate of respondent Independence Party of Westchester County for the public office of State Senator for the 37th Senate District in the April 24, 2018 special election.
A special election for the public office of State Senator
for the 37th Senate District, which lies entirely within Westchester County, has been called for April 24, 2018. In anticipation thereof, respondent Executive Committee of the Independence Party of Westchester County purportedly met on February 12, 2018 to nominate a candidate for the position. On February 15, 2018, certificates of nomination and authorization were filed with the Westchester County Board of Elections naming respondent Shelley Mayer as the candidate for respondent Independence Party of Westchester County (hereinafter the County Independence Party).
Petitioners, enrolled members of the Independence Party who are registered to vote in the 37th Senate District, thereafter filed general objections and specifications alleging that the Executive Committee failed to comply with County Independence Party rules in issuing the [*2]certificates of nomination and authorization, failed to provide proper notice of the nominating meeting and failed to obtain a quorum thereat. The Westchester County Board of Elections determined that the objections were beyond its purview, and petitioners commenced this proceeding pursuant to Election Law § 16-102 seeking to, among other things, invalidate the certificates of nomination and authorization. Following joinder of issue, Mayer, the County Independence Party, the Executive Committee, its officers and others who either attended the meeting or were listed on the certificates (hereinafter collectively referred to as respondents) moved to dismiss the petition upon the grounds that petitioners' objections and specifications were untimely and that the petition failed to state a cause of action. Supreme Court denied respondents' motion, granted the petition and, among other things, declared the certificates invalid. This appeal by respondents ensued.[FN1]
We affirm. To begin, the petition stated a claim. Petitioners filed objections and specifications with the Westchester County Board of Elections that, when coupled with the "statements in the petition of the types of improprieties on which petitioner[s] intended to base [their] challenge, sufficiently apprised respondent[s] . . . of the allegations being made" (Matter of Mazza v Board of Elections of County of Albany, 196 AD2d 679, 680 [1993]; see Matter of Maxwell v Hill, 225 AD2d 947, 949 [1996]).
Turning to the merits, Election Law § 6-114 provides that "[p]arty nominations for an office to be filled at a special election shall be made in the manner prescribed by the rules of the party." Petitioners alleged several violations of the rules of the County Independence Party, some of which are compelling. Our discussion focuses, however, upon rules defining the Executive Committee, following an initial meeting, as having seven members (see Westchester County Independence Party Rules and Regulations, art V, § 2) and needing "four members present
. . . in person or by proxy" to form a quorum (Westchester County Independence Party Rules and Regulations, art I, § 5).
The affidavit of respondent Dhyalma Vazquez, the secretary of the County Independence Party, reflected that the nomination process fatally deviated from those rules. Vazquez averred that she and two other individuals attended the meeting [FN2]. As noted above, four members were needed for a quorum. The quorum requirement in the rules leaves no room for interpretation and, contrary to respondents' contention, the fact that some seats on the Executive Committee were unfilled does not affect the requirement's applicability (see General Construction Law § 41; Matter of Baker v Jensen, 30 AD2d 969, 970 [1968], affd 22 NY2d 959 [1968]). Accordingly, "a duly constituted quorum of the [E]xecutive [C]ommittee was not present when [Mayer] was nominated," and those committee members present had no authority to designate Mayer as the County Independence Party nominee (Matter of Hervey v Greene County Bd. of Elections, 166 AD2d 743, 745 [1990], lv denied 76 NY2d 710 [1990]; see Election Law § 6-114).
Although respondents suggest that this was a mere "irregularity in committee proceedings" analogous to a matter of timing or a scrivener's error (Matter of Williams v McDonough, 44 AD3d 1087, 1089 [2007]), they overlook that the Executive Committee could never act in the absence of a quorum. It was not, moreover, "effectively impossible" to obtain a quorum (Matter of Settineri v DiCarlo, 197 AD2d 724, 728 [1993] [Balletta, J.P., dissenting], revd on dissenting op below 82 NY2d 813 [1993]). Indeed, rule provisions authorized the appointment of individuals to vacant Executive Committee seats pending appropriate committee approval (see Westchester County Independence Party Rules and Regulations, art V, § 2). We cannot disregard this wholesale lack of power to approve the nomination of Mayer.
Respondents' remaining arguments, to the extent that they are not academic in light of the foregoing, have been examined and found to lack merit.
Garry, P.J., Lynch, Devine, Aarons and Rumsey, JJ., concur.
ORDERED that the amended order is affirmed, without costs.



Footnotes

Footnote 1: Respondents advise that they have abandoned their challenge to the timeliness of petitioners' objections and specifications.

Footnote 2: The rules provide that Vazquez, as the secretary of the County Independence Party, is also the secretary of the Executive Committee (see Westchester County Independence Party Rules and Regulations, art V, § 2). Inexplicably, another individual usurped that latter role and, despite Vazquez's presence, signed the challenged certificates as the meeting "secretary."