■ In the Matter of EDNA RICHARDSON, et al., Appellants-Respondents, v THERESA LUIZZO et al., Respondents-Appellants. (And Another Action.)—In proceedings, *inter alia,* to invalidate the petition designating certain of the respondents as candidates in the Republican Party primary election to be held on September 12, 1978, for the party offices in the 44th Assembly District of State Committeeman (Male and Female) and County Committeeman and the public office of Member of the Assembly from the 44th Assembly District, the petitioners appeal from so much of a judgment of the Supreme Court, Kings County, dated August 21, 1978, as, *inter alia,* declared the designating petition valid as to some of the respondents, and certain of the respondents cross-appeal from so much of the same judgment as, *inter alia,* declared the designating petition invalid as to them. Judgment modified, on the law, by deleting therefrom the provisions which, in effect, held that the designating petition is valid as to certain of the respondents and substituting therefor a provision that the designating petition is invalid as to all of the respondent candidates. As so modified, judgment affirmed, without costs or disbursements. Special Term invalidated a designating petition insofar as it affected Robert Carroll, a candidate for the party office of male member of the Republican State Committee and also insofar as it affected a number of candidates for the position of Republican County Committeeman. This followed a declaration by Carroll that he had included the names of these county committee candidates on the petition without their consent. However, Special Term permitted the candidate for the party office of female member of the Republican State Committee and the female candidate for the public office of Assemblyman to remain on the

ballot. The court also permitted a small number of county committee candidates, who had knowledge of and consented to their candidacy, to remain on the ballot. The entire designating petition should have been invalidated. A fraud was committed on the enrolled voters of the party when the names of various candidates were placed on the designating petition without their consent. The petition was misleading in that it suggested that the various candidates listed together intended to run together (see *Matter of Lufty v Gangemi*, 35 NY2d 179). Consent may not be implied merely from the fact that the nonconsenting candidates were party members. Furthermore, the nonconsenting candidates who do not wish to serve should not be burdened with the obligation of submitting a declination once they learn of their candidacies. Mollen, P. J., Hopkins, Damiani, Shapiro and O'Connor, JJ., concur.