(March 27, 1984)

■ In the Matter of JAMES P. MCGOEY et al., Appellants, et al., Petitioners, v ROBERT S. BLACK et al., Respondents, and THERESA PERAGINE, Respondent-Respondent. — In a proceeding, *inter alia,* to validate a petition designating the appellants, among others, as candidates for delegates or alternate delegates to the Republican National Convention from the Seventh Congressional District, the appeal is from a judgment of the Supreme Court, Queens County (Lonschein, J.), dated March 13, 1984, which dismissed the petition. ¶ Judgment modified, on the law, by adding a provision directing the New York City Board of Elections to remove the names of Ben V. Fabrizi, Kathleen M. Wagner and Elizabeth Harper from the ballot as candidates for delegates or alternate delegates to the Republican National Convention from the Seventh

Congressional District. As so modified, judgment affirmed, without costs or disbursements. ¶ On or about February 14, 1984, a designating petition was filed with the New York City Board of Elections designating petitioner McGoey and five others for three positions as delegates and three as alternates to the Republican National Convention from the Seventh Congressional District, supporting Ronald Reagan for election in the Republican Party primary to be held on April 3, 1984. Thereafter, respondent Theresa Peragine filed general objections and then specifications of objections (hereafter specifications) addressed to the designating petition. Although her specifications listed, on its face, only three of the six designated candidates, to wit, Estelle R. Cooper and James P. McGoey as delegates and Sheldon Farber as an alternate delegate, the specifications set forth were directed at the petition in its entirety, charging that it did not comply with the New York State Election Law. Service of the specifications was made on the first person named on the petition's committee to fill vacancies, in accordance with section 6204.1 of the Rules of the State Board of Elections, thus giving the board jurisdiction to determine the validity of the entire petition. The board of elections accepted these general objections and specifications and, upon examining the petition, found 627 invalid signatures, leaving 993 valid signatures, which is 257 fewer than the required 1,250. However, the board then invalidated only the candidacies of Cooper, McGoey and Farber. ¶ The instant proceeding was commenced, prior to the board's determination, by appellant McGoey "individually and on behalf of others similarly situated as designated candidates" on the subject designating petition. McGoey's petition sought a judgment, *inter alia,* declaring the designating petition valid and directing the board of elections to place the names of the candidates designated therein on the appropriate ballot. Special Term, after a hearing before a referee (the referee found 68 signatures were erroneously invalidated by the board, leaving 1,061 valid signatures), dismissed the McGoey petition. The judgment of the court stated that the designating petition had fewer than the minimum number of signatures (1,250) required for designation and that the "designating petition" was therefore "insufficient as a matter of law".[*] ¶ Special Term's judgment should be modified so as to direct the board of elections to remove the names of the remaining three candidates designated in the subject petition as well. ¶ While respondent Peragine filed general objections and specifications addressed to the designating petition as a whole, but formally and apparently deliberately listed in the space provided for the names of designees objected to only three of the six candidates designated therein, nevertheless, the rights of the three candidates who were not formally listed in the specifications are inextricably interwoven with the rights of the three candidates who were formally named (see *Matter of Livreri v Gargiulo,* 49 NY2d 832; *Matter of Greenspan v O'Rouke,* 27 NY2d 846). The six candidates are all listed in the same designating petition for party positions as delegates or alternates to the Republican National Convention (as distinguished from a petition designating several candidates for different offices or positions), and the objections to the signatures on the petition clearly relate to and affect all six of the candidates (cf. *Matter of Amalfitano v Sadowski,* 77 AD2d 930, affd 51 NY2d 719). Indeed the specifications sought to have the designating petition declared of "no force and effect". In passing on the sufficiency of a designating petition, the jurisdiction of the board of elections is said to be confined to ministerial as distinguished from judicial duties (*Matter of Bednarsh v Cohen,* 267 App Div 133, 135; *Matter of Toigo v Columbia County Bd. of Elections,* 51 Misc 2d 754, 755). Still, under the particular circumstances at bar, it is questionable whether the board may

---

[*] It appears that the board of elections has interpreted Special Term's judgment as invalidating the entire designating petition.

ignore the patent insufficiency of the entire designating petition, once revealed, and uphold a legally deficient petition as to some candidates, but not as to others advanced on the same petition. ¶ In any event "[t]he requirements of justice * * * do not permit a court to find that a petition is legal when it lacks the legal number of signatures" (*Matter of Orange,* 272 NY 61, 66). Inasmuch as all the necessary parties were before the court and the respondent-objector also sought, via a "cross-motion", to invalidate the designating petition sought to be upheld by McGoey's petition, we hold that Special Term should have formally invalidated the designating petition in its entirety, i.e., as to all six inextricably interwoven candidates named therein; and we modify the judgment accordingly (cf. *Matter of Molloy v Lawley,* 32 AD2d 175). ¶ Although such modification is not requested by any appealing party, we find that all six candidates included in the concededly invalid designating petition before us have a "united and inseverable interest" which precludes inconsistent determinations as to the validity of their candidacies (see *Hecht v City of New York,* 60 NY2d 57, 62; *Matter of Winburn,* 270 NY 196, 198). Mangano, J. P., Rubin and Lawrence, JJ., concur.

Thompson, J., dissents and votes to affirm the judgment for reasons stated in the decision of Justice Lonschein.