(October 16, 1984)

■ In the Matter of THOMAS A. FINK et al., Respondents, v GEORGE D. SALERNO et al., Constituting the New York State Board of Elections, Respondents, and JAMES H. BOOMER et al., Proposed Intervenors-Appellants. — Appeal from a judgment of the Supreme Court at Trial Term (Pennock, J.), entered October 10, 1984 in Albany County, which denied the motion of James H. Boomer and Ronald J. Starkweather for permission to intervene and granted petitioners' application, in a proceeding pursuant to section 16-102 of the Election Law, to declare valid the nomination of William H. Bristol and Leonard E. Maas as the Democratic Party candidates for the office of Justice of the Supreme Court for the Seventh Judicial District in the November 6, 1984 general election.

Two positions of Justice of the Supreme Court for the Seventh Judicial District are being decided by election this year. Petitioners William H. Bristol and Leonard E. Maas were selected by a judicial nominating convention of the Democratic Party as candidates for the positions. The last date on which to file a certificate of nomination with the State Board of Elections (board) was September 25, 1984. Filing by mail is allowed, provided the envelope is postmarked prior to midnight of the last day for filing (Election Law, § 1-106, subd 1). The certificate of nomination for Bristol and Maas was placed in an envelope on September 25 and run through a postage metering machine in the office of petitioner Thomas A. Fink, convenor of the judicial nominating convention. The meter stamp is not entirely legible, but petitioners allege that it should read September 25. The envelope was placed at 6:00 P.M. on September 25 in a mailbox

for which the last pickup was 5:30 P.M. Consequently, the envelope was processed on September 26 and a post office postmark indicating that date was stamped over the meter stamp. The board rejected the certificate of nomination on October 2, 1984 as untimely filed. Bristol, Maas, Fink and William C. Hennessy, State Chairman of the Democratic Party, commenced this proceeding challenging the board's determination. James H. Boomer, one of the Republican candidates for the offices at issue, and Ronald J. Starkweather, the Republican counterpart of petitioner Fink, moved to intervene. Trial Term denied the motion to intervene and granted petitioners' application to validate the certificate of nomination. While the board has not taken an appeal, the proposed intervenors have.

Initially, we must deal with the issue of whether Trial Term correctly denied intervention since, if it did, the proposed intervenors have no standing to appeal that part of Trial Term's judgment which granted petitioners' application (*Matter of Bridgham v Tutunjian,* 84 AD2d 853, 854).

Permissive intervention is available "in the discretion of the court" (CPLR 1013). One of the elements to be weighed in exercising such discretion is delay by the proposed intervenor in making the motion. Whether there was undue delay depends on the facts and circumstances of the case. Here, petitioners' proceeding was commenced on October 3, 1984 and made returnable on October 9. The proposed intervenors did not move to intervene until October 8, literally the "eve of trial". We note that October 8 was a State holiday. The proposed intervenors did not allege in support of their motion that they were not aware of the proceeding early enough to promptly make their motion. With these circumstances prevailing, along with the recognition of the expediency with which election cases must be handled and the drastic ultimate consequence at issue, i.e., no Democratic candidates appearing on the ballot for the offices at issue, it cannot be said that Trial Term abused its discretion in denying intervention. Members of a major political party should be afforded the opportunity to vote for a candidate of their choice (see *Matter of Brown v Ulster County Bd. of Elections,* 48 NY2d 614, 616).

So much of the judgment as denied the motion for permission to intervene affirmed, without costs. Appeal from so much of the judgment as granted petitioners' application dismissed, without costs. Mahoney, P. J., Kane and Weiss, JJ., concur.

Casey and Levine, JJ., dissent and vote to reverse in the following memorandum. Casey and Levine, JJ. (dissenting). The underlying premise supporting the majority's position is that

the proposed intervenors were somehow blameworthy in waiting until October 8, 1984 before moving for permission to intervene in this proceeding. A review of the facts in this case belies such a conclusion.

It was not until October 2, 1984 that the certificate of nomination in issue was received by the State Board of Elections. Prior to that time, the proposed intervenors, not being registered Democrats or persons claiming entitlement to the Democratic nomination for Justice of the Supreme Court, had no right to challenge the internal workings of that party's judicial nominating convention (see *Matter of Wydler v Cristenfeld*, 35 NY2d 719). Upon receipt of the Democratic Party's certificate of nomination by the board, it was rejected as untimely filed. Assuming that the proposed intervenors were somehow instantly made aware of this development, they would have had no reason to file objections against the certificate of nomination in view of the action taken by the board which was entirely in their favor. Petitioners then commenced this proceeding by obtaining an order to show cause on October 3 which provided for service on or before October 4 upon the board and all those who had filed objections against the certificate of nomination; future objectors were to be served forthwith.

Not having had any reason to file objections and not being named respondents in the proceeding, the proposed intervenors were thus not served with any of the legal papers. Yet, despite this fact, the majority finds that the proposed intervenors waited until the "eve of trial" when they moved on October 8 for permission to intervene. To the contrary, we find it remarkable that they were able to gain knowledge of a proceeding they were not given notice of and move so promptly, especially in view of the fact that October 6 and 7 were on a weekend and October 8 was a State holiday. We thus find no delay on the part of the proposed intervenors which could form the basis of a denial of their motion to intervene.[1]

Having thus concluded that Trial Term improperly denied the proposed intervenors' motion, we must address the merits of the appeal regarding the timeliness of the filing of the certificate of nomination. The proof in this proceeding is uncontradicted that the envelope containing the certificate of nomination was placed in a mailbox on September 25, 1984 after the time indicated for the last pickup. As such, the alleged September 25 meter stamp placed on the envelope[2] was not controlling — section 114.534 of

1. Although not addressed by any of the parties, we feel it important to note that the proposed intervenors may well have been entitled to intervene as of right (see CPLR 1012, subd [a], par 2).

2. At oral argument of this appeal, both sides conceded that the second number of the meter stamp on the envelope was illegible.

the United States Postal Service's Domestic Mail Manual provides that "[m]etered mail bearing the wrong date of mailing * * * will be run through a canceling machine or otherwise postmarked to show the proper date". The fact that the United States Postal Service accepts a meter stamp and treats it as an official postmark in those instances in which it bears the proper date should not require blind adherence to a meter stamp in those instances in which an erroneous date has been discovered and corrected by postal authorities. The September 26 postmark was therefore controlling and the certificate of nomination was untimely filed with the board.

Accordingly, we would reverse the judgment of Trial Term by granting the motion of the proposed intervenors for permission to intervene and dismissing the petition to validate the certificate of nomination.