■ In the Matter of MICHELE HEITZNER et al., Respondents, v ANTHONY NEGLIA et al., Appellants, and BOARD OF ELECTIONS OF THE CITY OF NEW YORK, Respondent. [601 NYS2d 705] —In a proceeding to invalidate petitions designating, in a primary election to be held on September 14, 1993, Anthony Neglia as a candidate for the Republican Party position of Male Member of the Republican State Committee from the 46th Assembly District, Camille DeFina as a candidate for the Republican Party position of Female Member of the Republican State Committee from the 46th Assembly District, George Sabatella and Herbert Dumain for the Republican Party positions of delegates to the Republican Judicial Convention in the 2nd Judicial District from the 46th Assembly District, Lawrence Dorfman and Rose Concolino for the Republican Party positions of alternate delegates to the Republican Judicial Convention in the 2nd Judicial District from the 46th Assembly District, and various candidates for the Republican Party positions of Members of the County Committee from the 46th Assembly District, the appeal is from so much of a judgment of the Supreme Court, Kings County (Kramer, J.), dated August 9, 1993, as granted the application in part.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court invalidated the subject designating petition in its entirety on the ground that it was permeated

with fraud. The appellants assert that certain of the invalidated county committee member candidacies must be reinstated and those names placed on the ballot because the petitioners were without standing to object to those candidates who were from other election districts. Since the petitioners had sought to invalidate the entire designating petition which contained a slate of candidates, including State committee candidacies and others whom they had standing to challenge, the petitioners also had standing to challenge the remaining candidates because the validity of the petition in its entirety had been called into question *(see,* Election Law § 6-154 [2]; § 16-102 [1])* by the claim that the entire designating petition was permeated with fraud *(see, Matter of Livreri v Gargiulo,* 49 NY2d 832, 833; *see also, Matter of McGoey v Black,* 100 AD2d 635, 636-637).

Turning to the merits of the appeal, we find that the evidence supports the hearing court's conclusion that the designating petition must be invalidated in its entirety due to its being permeated with fraud *(see, Matter of Gucciardo v Meyers,* 196 AD2d 615 [decided herewith]). Bracken, J. P., Rosenblatt, Miller, Ritter and Copertino, JJ., concur.