■ In the Matter of MERYL L. FISCHER et al., Respondents-Appellants, v MICHAEL S. PERAGINE et al., Appellants-Respondents, et al., Respondent. [780 NYS2d 739]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating various individuals as candidates in a primary election to be held on September 14, 2004, for the party positions of Male and Female Members of the Independence Party State Committee, 13th, 14th, 15th, 16th, 17th, 18th, 19th, 20th, and 21st Assembly Districts, Nassau County, and Members of the Independence Party County Committee, Nassau County, for their respective Election Districts, Michael S. Peragine, Desiree Kelly, Edwin T. Kelly, Janet A. Idema, John K. Peragine, Bonnie Green, Gabriel S. Parajos, Paul N. Meitinnis, Gary N. Sinawski, Debra E. Pearl, Patricia G. Seldomridge, Robert J. Seldomridge, Robert Palumbo, Rosemary F. Styne, Miriam C. Flores Alfaro, Gilberto Flores, Denai A. Markin, Gregory Markin, James J. Smith, Thomas

Siracuse, Jill S. Shapiro, Stephen R. Mahler, Kerrianne Corbett, Steven W. Corbett, James A. Magan, Debra B. Kovitz, Matthew Lombardo, Thomas Meehan, Howard M. Stillwagon, Mary Stillwagon, Catherine Manganiello, Michael Manganiello, Nancy A. Burn, and George Essig appeal from so much of a final order of the Supreme Court, Nassau County (De Maro, J.), entered August 11, 2004, as granted that branch of the petition which was to disqualify Michael S. Peragine and Bonnie Green from seeking any position in the Independence Party, and the petitioners cross-appeal, as limited by their brief, from so much of the same final order as denied that branch of the petition which was to invalidate the designating petition.

Ordered that the appeal by Desiree Kelly, Edwin T. Kelly, Janet A. Idema, John K. Peragine, Gabriel S. Parajos, Paul N. Meitinnis, Gary N. Sinawski, Debra E. Pearl, Patricia G. Seldomridge, Robert J. Seldomridge, Robert Palumbo, Rosemary F. Styne, Miriam C. Flores Alfaro, Gilberto Flores, Denai A. Markin, Gregory Markin, James J. Smith, Thomas Siracuse, Jill S. Shapiro, Stephen R. Mahler, Kerrianne Corbett, Steven W. Corbett, James A. Magan, Debra B. Kovitz, Matthew Lombardo, Thomas Meehan, Howard M. Stillwagon, Mary Stillwagon, Catherine Manganiello, Michael Manganiello, Nancy A. Burn, and George Essig is dismissed, without costs or disbursements, as those parties are not aggrieved by the portion of the final order appealed from (see CPLR 5511); and it is further,

Ordered that the final order is affirmed insofar as appealed from by Michael S. Peragine and Bonnie Green, without costs or disbursements; and it is further,

Ordered that the final order is reversed insofar as cross-appealed from, on the law, without costs or disbursements, that branch of the petition which was to invalidate the designating petition is granted, and the Nassau County Board of Elections is directed to remove the names of Michael S. Peragine, Desiree Kelly, Edwin T. Kelly, Janet A. Idema, John K. Peragine, Bonnie Green, Gabriel S. Parajos, Paul N. Meitinnis, Gary N. Sinawski, Debra E. Pearl, Patricia G. Seldomridge, Robert J. Seldomridge, Robert Palumbo, Rosemary F. Styne, Miriam C. Flores Alfaro, Gilberto Flores, Denai A. Markin, Gregory Markin, James J. Smith, Thomas Siracuse, Jill S. Shapiro, Stephen R. Mahler, Kerrianne Corbett, Steven W. Corbett, James A. Magan, Debra B. Kovitz, Matthew Lombardo, Thomas Meehan, Howard M. Stillwagon, Mary Stillwagon, Catherine Manganiello, Michael Manganiello, Nancy A. Burn, and George Essig from the appropriate ballots.

The petitioners sought to invalidate the entire designating pe-

tition which contained a slate of candidates, including candidates for Independence Party State Committee, 13th, 14th, 15th, 16th, 17th, 18th, 19th, 20th, and 21st Assembly Districts, Nassau County, which designating petition they had standing to challenge. Thus, they also had standing to challenge the designating petition with respect to the candidates for Independence Party County Committee, Nassau County, because the validity of the petition in its entirety was called into question by the claim that it was permeated with fraud (*see* Election Law § 6-154 [2]; § 16-102 [1]; *Matter of Livreri v Gargiulo,* 49 NY2d 832, 833 [1980]; *see also Matter of McGoey v Black,* 100 AD2d 635, 636-637 [1984]).

The Supreme Court correctly disqualified both Michael S. Peragine and Bonnie Green from seeking any position in the Independence Party based upon their active involvement in the fraudulent activities (*see Matter of Villafane v Caban,* 104 AD2d 579 [1984]).

The designating petition should have been invalidated in its entirety on the ground that it was permeated with fraud (*see Matter of Heitzner v Neglia,* 196 AD2d 616 [1993]; *Matter of Gucciardo v Meyers,* 196 AD2d 615 [1993]; *see also Matter of Richardson v Luizzo,* 64 AD2d 942, 943 [1978], *affd* 45 NY2d 789 [1978]; *Matter of Lutfy v Gangemi,* 35 NY2d 179, 182 [1974]).

The parties' remaining contentions either have been rendered academic in light of our determination or are without merit. Altman, J.P., Smith, Rivera and Fisher, JJ., concur. [Recalled and vacated, 10 AD3d 620 (2004).]