(August 19, 2004)

In the Matter of LOUIS G. COLAIACOVO, Respondent, v ERNESTINE W. ABERLE et al., Appellants, et al., Respondents.
[780 NYS2d 833]—

Per Curiam. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered August 5, 2004 in Albany County, which granted petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the designating petition naming certain respondents as candidates for the position of delegate or alternate delegate to the Independence Party 8th Judicial District Nominating Convention from the 142nd Assembly District in the September 14, 2004 primary election.

Respondents Ernestine W. Aberle, James L. Goller, Philip E. Richardson and Jerome P. Schuler (hereinafter collectively referred to as respondents) were designated as candidates in the September 14, 2004 primary election for the position of delegate to the Independence Party 8th Judicial District Nominating Convention from the 142nd Assembly District. In the same petition, respondents Carol A. Hill, Justin M. Rooney, Paul A. Vohwinkel and Howard G. Nelson (hereinafter collectively referred to as the alternates) were designated as candidates for the position of alternate delegate to the same convention. Petitioner, a rival candidate for the position of alternate delegate, commenced this proceeding challenging, among other things, the number of signatures on respondents' and the alternates' petition. Respondents stipulated that the petition lacked the required number of signatures, but argued that petitioner was not an aggrieved candidate because he is a candidate for alternate delegate and not for the position of delegate and, therefore, he lacked standing to challenge the petition insofar as it nominated them. Supreme Court disagreed and granted the petition. Respondents appeal.

A designating petition may be challenged by "any aggrieved candidate" (Election Law § 16-102 [1]). It is conceded that petitioner is aggrieved as a candidate for alternate delegate, a position included in the designating petition. Under Election Law § 16-102 and its predecessor, any aggrieved candidate may challenge a designating petition, and joining multiple offices in one petition "opens it to attack by a rival candidate for [any] of the offices set forth in the designating petition" (*Matter of Gorski v Griffin*, 11 AD2d 637, 637 [1960]; *see* 50 NY Jur 2d,

Elections § 817, at 556). As a result, if the validity of the petition in its entirety is called into question—as it is here—an aggrieved candidate may challenge the entire petition (*see Matter of Heitzner v Neglia,* 196 AD2d 616, 617 [1993], *appeal withdrawn* 82 NY2d 712 [1993]; *Matter of McGoey v Black,* 100 AD2d 635, 636-637 [1984]; *compare Scoville v Cicoria,* 65 NY2d 972, 974 [1985] [construing the standing of only objecting nonparty voters]). Accordingly, we agree with Supreme Court that petitioner has standing to bring this proceeding against respondents.

As for the merits, because respondents concede that the designating petition naming them as candidates for the position of delegate lacked the required number of signatures, Supreme Court properly declared it invalid.

Cardona, P.J., Carpinello, Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.