Motion by the respondent Nassau County Board of Elections for resettlement of a decision and order of this Court dated August 19, 2004 (10 AD3d 430 [2004]), which determined appeals and a cross appeal from a final order of the Supreme Court, Nassau County, entered August 11, 2004, in the above-entitled proceeding. Cross motion by Joan Litt-Angel and Lloyd Angel, and separate cross motion by John DeGrace, for leave to intervene on the motion, and additional cross motion by the respondents Gary N. Sinawski and Debra E. Pearl to have their names restored to the ballot.
Upon the papers filed in support of the motion and cross motions, and the papers filed in opposition and relation thereto, it is
Ordered that the motion for resettlement is deemed to be a motion for reargument and reargument is granted; and it is further,
Ordered that the cross motions are denied; and it is further,
Ordered that upon reargument, the decision and order of this Court dated August 19, 2004, is recalled and vacated, and the following decision and order is substituted therefor:
In a proceeding pursuant to Election Law § 16-102, among other things, to invalidate a petition, inter alia, designating various individuals as candidates in a primary election to be held on September 14, 2004, for the party positions of Male and Female Members of the Independence Party State Committee, 13th, 14th, 15th, 16th, 17th, 18th, 19th, 20th, and 21st Assembly Districts, Nassau County, and Members of the Independence Party County Committee, Nassau County, for their respective Election Districts, Michael S. Peragine, Desiree Kelly, Edwin T. Kelly, Janet A. Idema, John K. Peragine, Bonnie Green, Gabriel S. Parajos, Paul N. Meitinnis, Gary N. Sinawski, Debra E. Pearl, Patricia G. Seldomridge, Robert J. Seldomridge, *621 Robert Palumbo, Rosemary E Styne, Miriam C. Flores Alfaro, Gilberto Flores, Denai A. Markin, Gregory Markin, James J. Smith, Thomas Siracuse, Jill S. Shapiro, Stephen R. Mahler, Kerrianne Corbett, Steven W Corbett, James A. Magan, Debra B. Kovitz, Matthew Lombardo, Thomas Meehan, Howard M. Stillwagon, Mary Stillwagon, Catherine Manganiello, Michael Manganiello, Nancy A. Burn, and George Essig appeal from so much of a final order of the Supreme Court, Nassau County (De Maro, J.), entered August 11, 2004, as granted that branch of the petition which was to disqualify Michael S. Peragine and Bonnie Green from seeking any position in the Independence Party, and the petitioners cross-appeal, as limited by their brief, from so much of the same final order as denied that branch of the petition which was to invalidate the designating petition.
Ordered that the appeal by Desiree Kelly, Edwin T. Kelly, Janet A. Idema, John K. Peragine, Gabriel S. Parajos, Paul N. Meitinnis, Gary N. Sinawski, Debra E. Pearl, Patricia G. Seldomridge, Robert J. Seldomridge, Robert Palumbo, Rosemary F. Styne, Miriam C. Flores Alfaro, Gilberto Flores, Denai A. Markin, Gregory Markin, James J. Smith, Thomas Siracuse, Jill S. Shapiro, Stephen R. Mahler, Kerrianne Corbett, Steven W. Corbett, James A. Magan, Debra B. Kovitz, Matthew Lombardo, Thomas Meehan, Howard M. Stillwagon, Mary Stillwagon, Catherine Manganiello, Michael Manganiello, Nancy A. Burn, and George Essig is dismissed, without costs or disbursements, as those parties are not aggrieved by the portion of the final order appealed from (see CPLR 5511); and it is further,
Ordered that the final order is modified, on the law, by deleting the provision thereof denying that branch of the petition which was to invalidate so much of the designating petition as designated Michael S. Peragine, Desiree Kelly, Edwin T. Kelly, Janet A. Idema, John K. Peragine, Bonnie Green, Gabriel S. Parajos, Paul N. Meitinnis, Gary N. Sinawski, Debra E. Pearl, Patricia G. Seldomridge, Robert J. Seldomridge, Robert Palumbo, Rosemary F. Styne, Miriam C. Flores Alfaro, Gilberto Flores, Denai A. Markin, Gregory Markin, James J. Smith, Thomas Siracuse, Jill S. Shapiro, Stephen R. Mahler, Kerrianne Corbett, Steven W Corbett, James A. Magan, Debra B. Kovitz, Matthew Lombardo, Thomas Meehan, Howard M. Stillwagon, Mary Stillwagon, Catherine Manganiello, Michael Manganiello, Nancy A. Burn, and George Essig as candidates and substituting therefor a provision granting that branch of the petition; as so modified, the final order is affirmed insofar as appealed from by Michael S. Peragine and Bonnie Green and insofar as cross-appealed from, without costs or disbursements, and the Nassau *622 County Board of Elections is directed to remove the names of Michael S. Peragine, Desiree Kelly, Edwin T. Kelly, Janet A. Idema, John K. Peragine, Bonnie Green, Gabriel S. Parajes, Paul N. Meitinnis, Gary N. Sinawski, Debra E. Pearl, Patricia G. Seldomridge, Robert J. Seldomridge, Robert Palumbo, Rosemary F. Styne, Miriam C. Flores Alfaro, Gilberto Flores, Denai A. Markin, Gregory Markin, James J. Smith, Thomas Siracuse, Jill S. Shapiro, Stephen R. Mahler, Kerrianne Corbett, Steven W Corbett, James A. Magan, Debra B. Kovitz, Matthew Lombardo, Thomas Meehan, Howard M. Stillwagon, Mary Stillwagon, Catherine Manganiello, Michael Manganiello, Nancy A. Burn, and George Essig from the appropriate ballots.
The petitioners sought, inter alia, to invalidate a designating petition which contained a slate of candidates, including candidates for Independence Party State Committee, 13th, 14th, 15th, 16th, 17th, 18th, 19th, 20th, and 21st Assembly Districts, Nassau County, which designating petition they had standing to challenge. Thus, they also had standing to challenge the designating petition with respect to the candidates for Independence Party County Committee, Nassau County, because the validity of the petition in its entirety was called into question by the claim that it was permeated with fraud (see Election Law § 6-154 [2]; § 16-102 [1]; Matter of Livreri v Gargiulo, 49 NY2d 832, 833 [1980]; see also Matter of McGoey v Black, 100 AD2d 635, 636-637 [1984]).
Under the circumstances of this case, the Supreme Court should have found that the designating petition was permeated with fraud (see Matter of Heitzner v Neglia, 196 AD2d 616 [1993]; Matter of Gucciardo v Meyers, 196 AD2d 615 [1993]; see also Matter of Richardson v Luizzo, 64 AD2d 942, 943 [1978], affd 45 NY2d 789 [1978]; Matter of Lutfy v Gangemi, 35 NY2d 179, 182 [1974]). The remaining issue is what relief may be granted based on that finding under the posture of this proceeding.
The Supreme Court correctly disqualified both Michael S. Peragine and Bonnie Green from seeking any position in the Independence Party based upon their active involvement in the fraudulent activities (see Matter of Villafane v Caban, 104 AD2d 579 [1984]). However, since the petitioners failed to name and serve all the persons named in the designating petition as parties to this proceeding, the relief has been limited to a direction that the Nassau County Board of Elections remove from the appropriate ballot only the names of persons actually named and served as respondents (cf. Matter of Buchanan v Espada, 88 NY2d 973 [1996]). The case of Matter of Richardson v Luizzo *623 (supra at 942), is not to the contrary since in that case the Court declared the designating petition invalid with respect to “all of the respondent candidates.”
The parties’ remaining contentions either have been rendered academic in light of our determination or are without merit. Altman, J.P., Smith, Rivera and Fisher, JJ., concur.