Appeal from an order of the Supreme Court, Erie County (Henry J. Nowak, Jr., J), entered August 26, 2013 in a proceeding pursuant to Election Law article 16. The order dismissed the petition.
It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioners commenced this proceeding pursuant to Election Law article 16 to invalidate as untimely a certificate of authorization issued by the Erie County Democratic Party. The certificate of authorization designated a slate of 18 candidates, who are among the respondents herein (hereafter, respondent candidates), for various public offices at the Democratic Party primary election to be held on September 10, 2013 and the general election to be held on November 5, 2013. Petitioners are rival candidates for the public offices being sought by eight of the respondent candidates, and they appeal from an order granting the respective motions of certain respondents for summary judgment dismissing the petition against them and sua sponte granting summary judgment dismissing the petition against the remaining respondents.
As an initial matter, we agree with petitioners that they have standing as aggrieved candidates to challenge the entire certificate of authorization and that Supreme Court erred in determining otherwise. Although 10 of the respondent candidates listed on the certificate of authorization are not seeking the same public office as any petitioner, it is undisputed that each petitioner is seeking a public office being sought by one of the respondent candidates listed on the certificate of authorization. Petitioners therefore have standing as aggrieved candidates because “[t]he joinder of [several] offices in a single [certificate of authorization] opens it to attack by a rival candidate for [any] of the offices set forth in the [certificate of authorization]” (Matter of Gorski v Griffin, 11 AD2d 637, 637 [I960]; see Matter of Colaiacovo v Aberle, 10 AD3d 464, 465-466 [2004]). Moreover, because “petitioners had sought to invalidate the entire [certificate of authorization] which contained a slate of candidates, including . . . [candidates] whom they had standing to challenge, the petitioners also had standing to challenge the remaining candidates” (Matter of Heitzner v Neglia, 196 AD2d 616, 617 [1993]; see Election Law § 16-102 [1]).
*1225 We conclude, however, that the court properly granted the motions of certain respondents for summary judgment dismissing the petition against them and sua sponte granted summary judgment dismissing the petition against the remaining respondents. It is undisputed that the certificate of authorization had to be filed no later than July 15, 2013, and that the envelope used to mail the certificate of authorization to the Erie County Board of Elections was postmarked on July 16, 2013. Although “failure to timely file a certificate of authorization . . . constitute^] a ‘fatal defect’ ” (Matter of Plunkett v Mahoney, 76 NY2d 848, 850 [1990]), respondents established that the certificate was in fact timely filed within the meaning of Election Law § 1-106 (1) because it was delivered to the United States Post Office on the evening of July 15, and the envelope was postmarked on July 16 merely because of a clerical error (see generally Matter of Montes-Amaya v Suffolk County Bd. of Elections, 33 AD3d 946, 947 [2006]; Matter of Cohalan, 71 Misc 2d 196, 197 [1972], affd 41 AD2d 840 [1973], lv denied 33 NY2d 516 [1973]). In opposition, petitioners failed to raise a triable issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Present — Smith, J.P, Lindley, Sconiers and Valentino, JJ.