*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  August 20, 2015                    521444
_____

In the Matter of SHAYNE R.
    GALLO,
                        Appellant,

            v                                MEMORANDUM AND ORDER

THOMAS F. TURCO et al., as
    Commissioners of the Ulster
    County Board of Elections,
    et al.,
                        Respondents.
_____


Calendar Date:  August 20, 2015

Before:  Lahtinen, J.P., Garry, Egan Jr. and Lynch, JJ.


_____


        Andrew P. Zweben, Kingston, for appellant.

        Beatrice Havranek, County Attorney, Kingston (Tracy E.
Steven of counsel), for Thomas F. Turco and another, respondents.

        Christopher Burns, Kingston, for Ronald F. Polacco,
respondent.


_____


Per Curiam.

        Appeal from an order of the Supreme Court (Melkonian, J.),
entered August 3, 2015 in Ulster County, which dismissed
petitioner's application, in a proceeding pursuant to Election
Law § 16-102, to declare valid the certificates of acceptance
naming petitioner as the Conservative Party and Independence
Party candidate for the public office of Mayor of the City of
Kingston in the September 10, 2015 primary election.

Petitioner was nominated by both the Conservative Party and the Independence Party as a candidate for the office of Mayor of the City of Kingston in the September 10, 2015 primary election. Petitions designating him as such were filed with the Ulster County Board of Elections on July 9, 2015. The deadline for petitioner to file his certificates accepting the designations was July 13, 2015 (see Election Law § 6-158 [2]), and petitioner's attorney deposited two envelopes containing the acceptance certificates in a postal mailbox located in the City of Kingston, Ulster County on that date. The certificates, however, were received by the Board with a postmark date of July 14, 2015 and were rejected. Consequently, petitioner commenced this proceeding pursuant to Election Law § 16-102 seeking to have the certificates of acceptance declared valid. Following joinder of issue, Supreme Court concluded that the certificates were not timely filed and dismissed the petition. Petitioner now appeals.

Initially, it is well settled that the time requirements for filing papers set forth in the Election Law are mandatory, and the failure to comply with such requirements has been deemed a fatal defect (see Election Law § 1-106 [2]; Matter of Baker v Monahan, 42 NY2d 1074, 1075 [1977]; Matter of Biamonte v Savinetti, 87 AD3d 950, 953 [2011]; Matter of Breslin v Connors, 10 AD3d 471, 473-474 [2004], lv denied 3 NY3d 603 [2004]; Matter of Esiason v Washington County Bd. of Elections, 220 AD2d 878, 879 [1995], lv denied 86 NY2d 709 [1995]). Notably, the Judiciary is without authority to fashion exceptions to these requirements regardless of how reasonable those exceptions may appear (see Matter of Rhoades v Westchester County Bd. of Elections, 109 AD3d 561, 561-562 [2013], lv denied 21 NY3d 861 [2013]; Matter of Esiason v Washington County Bd. of Elections, 220 AD2d at 879).

Petitioner contends that because the certificates of acceptance were deposited in a postal mailbox in Kingston on July 13, 2015 and contained a postage meter stamp bearing this same date, they should be considered timely filed. Election Law § 1-106 (1), however, provides that the postmark date is the date that controls for purposes of determining if papers sent by mail have been timely filed. The statute states, in relevant part, that "[a]ll papers sent by mail in an envelope postmarked prior

to midnight of the last day of filing shall be deemed timely filed and accepted for filing when received" (Election Law § 1-106 [1]). Significantly, cases interpreting this statutory provision have consistently held that it is the postmark date that is determinative (see Matter of Thomas v New York State Bd. of Elections, 44 AD3d 1155, 1156 [2007]; Matter of Hogan v Goodspeed, 196 AD2d 675, 676 [1993], affd in part, appeal dismissed in part 82 NY2d 710 [1993]) and, contrary to petitioner's assertion, a postage meter stamp is not the equivalent of a postmark date.

The decisions in Matter of Hardwick v Ward (109 AD3d 1223 [2013], lv denied 22 NY3d 851 [2013]) and Matter of Fink v Salerno (105 AD2d 489 [1984], appeal dismissed 63 NY2d 607 [1984], lv dismissed 63 NY2d 907 [1984]), relied upon by petitioner, do not compel a contrary result. In Matter of Hardwick v Ward (supra), the postmark was misdated due to a clerical error, unlike the situation here. In Matter of Fink v Salerno (supra), a majority of this Court decided the case on a procedural ground and did not reach the merits of the timeliness issue. In the context of the Election Law, there is no authority for adopting the viewpoint urged by petitioner. Therefore, we find that Supreme Court properly dismissed the petition based upon the untimely filing of the certificates of acceptance.

Lahtinen, J.P., Garry, Egan Jr. and Lynch, JJ., concur.


ORDERED that the order is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court