Matter of Jasikoff v Commissioners of the Westchester County Bd. of Elections (2020 NY Slip Op 02742)





Matter of Jasikoff v Commissioners of the Westchester County Bd. of Elections


2020 NY Slip Op 02742


Decided on May 7, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
BETSY BARROS
PAUL WOOTEN, JJ.


2020-02929
 (Index No. 1376/20)

[*1]In the Matter of Stephen Jasikoff, respondent,
v
Commissioners of the Westchester County Board of Elections, appellants.




DECISION & ORDER
In a proceeding, in effect, pursuant to CPLR article 78 in the nature of mandamus to compel the Commissioners of the Westchester County Board of Elections to accept as timely filed a petition designating Stephen Jasikoff as a candidate in a primary election to be held on June 23, 2020, for the nomination of the Democratic Party as its candidate for the public office of Member of the New York State Assembly for the 88th Assembly District, the Commissioners of the Westchester County Board of Elections appeal from a judgment of the Supreme Court, Westchester County (David F. Everett, J.), dated March 27, 2020. The judgment, insofar as appealed from, after a hearing, granted the petition and directed the Commissioners of the Westchester County Board of Elections to accept the designating petition as timely filed nunc pro tunc to March 20, 2020.
ORDERED that the judgment is reversed insofar as appealed from, on the law, without costs or disbursements, the petition is denied, and the proceeding is dismissed on the merits.
Stephen Jasikoff circulated petitions to run in the Democratic Party primary election as a candidate for the public office of Member of the New York State Assembly for the 88th Assembly District. On March 18, 2020, in response to the COVID-19 pandemic, the Legislature passed, and the Governor signed into law, chapter 24 of the Laws of 2020 providing, in relevant part, that "[n]otwithstanding subdivision 1 of section 6-158 of the [E]lection [L]aw, a designating petition for the June 2020 primary election shall be filed with the appropriate board of elections on March 17 through March 20, 2020." Claiming that he first became aware of this new filing deadline after it had already expired, Jasikoff filed his designating petition with the Westchester County Board of Elections (hereinafter the Board) on March 23, 2020, but allegedly was told that his petition would be invalidated as untimely filed. Accordingly, Jasikoff commenced this proceeding, in effect, pursuant to CPLR article 78 in the nature of mandamus to compel the Commissioners of the Board to accept his designating petition as timely filed. Following a hearing, the Supreme Court granted the petition and directed the Board to accept the designating petition as timely filed nunc pro tunc to March 20, 2020, reasoning in part that the late filing had been innocent and unintentional, would not prejudice the Board or any other party, and should be permitted in the interest of fundamental fairness. We reverse.
Election Law § 1-106(2) provides, in relevant part, that "[t]he failure to file any petition . . . relating to the designation . . . of a candidate for . . . public office . . . within the time prescribed by the provisions of this chapter shall be a fatal defect." The courts of this State have repeatedly determined that the filing deadlines in the Election Law are mandatory and absolute, and [*2]are not subject to the discretion of the courts or the judicial fashioning of exceptions, regardless of how reasonable they may appear to be (see Matter of Hutson v Bass, 54 NY2d 772; Matter of Baker v Monahan, 42 NY2d 1074; Matter of Carr v New York State Bd. of Elections, 40 NY2d 556; Matter of Gallo v Turco, 131 AD3d 785; Matter of Rhoades v Westchester County Bd. of Elections, 109 AD3d 561; Matter of Esiason v Washington County Bd. of Elections, 220 AD2d 878; Matter of Fintz v Poveromo, 197 AD2d 944).
Here, the clear and unambiguous language of chapter 24 of the Laws of 2020 established that the last day to file the designating petition was March 20, 2020 (see generally Matter of O'Donnell v Erie County, _____ NY3d _____, _____, 2020 NY Slip Op 02095, *4; Matter of Carr v New York State Bd. of Elections, 40 NY2d at 559). Accordingly, Jasikoff's conceded filing after that deadline had passed constituted a fatal defect, and the Supreme Court should have denied the petition and dismissed the proceeding.
In view of the foregoing, we do not reach the appellants' additional contention.
MASTRO, J.P., LEVENTHAL, MILLER, BARROS and WOOTEN, JJ., concur.
ENTER: Aprilanne Agostino Clerk of the Court