Matter of Seawright v Board of Elections in the City of N.Y. (2020 NY Slip Op 02900)





Matter of Seawright v Board of Elections in the City of N.Y. 


2020 NY Slip Op 02900


Decided on May 14, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 14, 2020

Acosta, P.J., Richter, Manzanet-Daniels, Mazzarelli, Gesmer, JJ.


100432/20 11604 100433/20 100435/20 100436/20 11603

[*1] In Rebecca Seawright, Petitioner-Respondent,
v
The Board of Elections in the City of New York, Respondent-Appellant. 
Louis Puliafito, Intervenor-Appellant.
In re Louis Puliafito, Petitioner-Appellant,
v
The Board of Elections in the City of New York, Respondent-Appellant, Rebecca Seawright, Respondent-Respondent.


James E. Johnson, Corporation Counsel, New York (Elina Druker of counsel), for the Board of Elections in the City of New York, appellant.
Eiseman Levine Lehrhaupt & Kakoyiannis PC, New York (Lawrence A. Mandelker of counsel), for Louis Puliafito, appellant.
Bedford Soumas LLP, New York (Gregory C. Soumas of counsel), for respondent.



Orders, Supreme Court, New York County (Carol R. Edmead, J.), entered on or about May 8, 2020, which denied Louis Puliafito's petitions to invalidate the designating petitions of Rebecca Seawright seeking to be placed on the ballot for the Democratic Party and the Working Families Party primary elections to be held on June 23, 2020, and granted Seawright's petitions to validate those designating petitions, unanimously affirmed, without costs.
These election law proceedings involve the belated filing of a cover sheet and a certificate of acceptance where the delay in filing is attributable to illness or quarantine because of the current COVID-19 pandemic. We hold that under the unique circumstances existing in New York City during the past few months, and the specific health challenges alleged here, the belated filing of these specific documents is not a fatal defect. In so holding, we note that no challenge has been presented to the number of signatures in the designating petitions and no claim of fraud has been alleged. Indeed, there is no evidence of specific actual prejudice presented. Although respondent Board of Elections contends that a cover sheet is necessary for administrative convenience, that cannot outweigh the right to ballot access in the current unique circumstances.
In other contexts, courts have recently recognized the difficulties presented by the pandemic and the need to suspend deadlines in light of the health crisis (see e.g. People ex rel Mulry v Franchi, — AD3d &mdash, 2020 NY Slip Op 02387 [2d Dept 2020]; People ex rel Nevins v [*2]Brann, — Misc 3d &mdash, 2020 NY Slip Op 20083 [Sup Ct, Queens County, April 13, 2020]; People ex rel Hamilton v Brann, 2020 NY Slip Op 50392[U] [Sup Ct, Bronx County, April 2, 2020]; see also Governor Cuomo's Executive Order 202.8 [tolling deadlines for certain court proceedings]).
Matter of Hutson v Bass (54 NY2d 772 [1981]) and Matter of Plunkett v Mahoney (76 NY2d 848 [1990]) do not mandate a different result since the delay in filing in those cases did not occur in the unprecedented circumstance of a statewide health emergency. Nor is there any indication that the candidates there were quarantining to protect their own health or for public safety. Furthermore, both Hutson and Plunkett were decided before the passage of the Election Reform Act of 1992 and the Ballot Reform Act of 1996, which sought to alleviate overly harsh sanctions for technical violations of the election laws.
To the extent that the Second Department has reached a different result in Matter of Jasikoff v Commissioners of the Westchester County Bd. of Elections (— AD3d &mdash, 2020 NY Slip Op 02742 [2d Dept 2020]), we decline to adopt that Court's analysis.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 14, 2020
CLERK