Matter of Mejia v Board of Elections in the City of N.Y. (2020 NY Slip Op 02902)





Matter of Mejia v Board of Elections in the City of N.Y.


2020 NY Slip Op 02902


Decided on May 14, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 14, 2020

Acosta, P.J., Richter, Mazzarelli, Gesmer, JJ.


11606 260287/20

[*1] In Joselin Mejia, et al., Petitioners-Appellants,
v
Board of Elections in the City of New York, Respondent-Respondent.


Maldonado & Cruz, PLLC, Bronx (Angel Cruz of counsel), for appellants.
James E. Johnson, Corporation Counsel, New York (Elina Druker of counsel), for respondent.



Order, Supreme Court, Bronx County (John W. Carter, J.), entered on or about May 4, 2020, which denied petitioners' petition to validate the designating petitions of Joselin Mejia and other candidates seeking to be placed on the ballot
for the Democratic Party primary election to be held on June 23, 2020, unanimously reversed, on the law, without costs, and the petition granted.
This election law proceeding involves the belated filing of cover sheets where the delay in filing is attributable to illness or quarantine because of the current COVID-19 pandemic. We hold that under the unique circumstances existing in New York City during the past few months, and the specific health challenges alleged here, the belated filing of these specific documents is not a fatal defect. In so holding, we note that no challenge has been presented to the number of signatures in the designating petitions and no claim of fraud has been alleged. Indeed, there is no evidence of specific actual prejudice presented. Although respondent Board of Elections contends that a cover sheet is necessary for administrative convenience, that cannot outweigh the right to ballot access in the current unique circumstances.
In other contexts, courts have recently recognized the difficulties presented by the pandemic and the need to suspend deadlines in light of the health crisis (see e.g. People ex rel Mulry v Franchi, __ AD3d __, 2020 NY Slip Op 02387 [2d Dept 2020]; People ex rel Nevins v Brann, — Misc 3d &mdash, 2020 NY Slip Op 20083 [Sup Ct, Queens County, April 13, 2020]; People ex rel Hamilton v Brann, 2020 NY Slip Op 50392[U] [Sup Ct, Bronx County, April 2, 2020]; see also Governor Cuomo's Executive Order 202.8 [tolling deadlines for certain court proceedings]).
Matter of Hutson v Bass (54 NY2d 772 [1981]) does not mandate a different result since the delay in filing there did not occur in the unprecedented circumstance of a statewide health emergency. Nor is there any indication in that case that the individual appointed to file the cover sheets was quarantining to protect her own health or for public safety. Furthermore, Hutson was decided before the passage of the Election Reform Act of 1992 and the Ballot Reform Act of 1996, which sought to alleviate overly harsh sanctions for technical violations of the election laws.
To the extent that the Second Department has reached a different result in Matter of Jasikoff v Commissioners of the Westchester County Bd. of Elections (__ AD3d __, 2020 NY Slip Op 02742 [2d Dept 2020]), we decline to adopt that Court's analysis.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 14, 2020
CLERK