Matter of Hawatmeh v New York State Bd. of Elections (2020 NY Slip Op 02907)





Matter of Hawatmeh v New York State Bd. of Elections


2020 NY Slip Op 02907


Decided on May 15, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 15, 2020

531344

[*1]In the Matter of Ola Hawatmeh, Appellant,
v
New York State Board of Elections, Respondent, and James Goblet et al., Respondents.

Calendar Date: May 15, 2020

Before: Egan Jr., J.P., Lynch, Mulvey, Aarons and Reynolds Fitzgerald, JJ.


Sinnreich, Kosakoff & Messina LLP, Central Islip (John Ciampoli of counsel), for appellant.
Joseph T. Burns, Williamsville, for James Goblet and others, respondents.



Per Curiam.
Appeal from a judgment of the Supreme Court (Platkin, J.), entered May 7, 2020 in Albany County, which, among other things, dismissed petitioner's application, in a combined proceeding pursuant to Election Law § 16-102 and CPLR article 78 and action for declaratory judgment, to, among other things, declare valid the designating petition naming petitioner as the Conservative Party candidate for the public office of Member of the United States House of Representatives for the 19th Congressional District of New York in the June 23, 2020 primary election.
On March 14, 2020, in response to the COVID-19 global pandemic, Governor Andrew Cuomo issued Executive Order No. 202.2 which, as is relevant here, modified the requirements for candidates to qualify for New York's June 23, 2020 primary ballot by reducing the required number of signatures necessary for a candidate to be placed on the ballot and shortened the time in which to gather said signatures to March 17, 2020 at 5:00 p.m. (see Executive Order [Cuomo] No. 202.2 [9 NYCRR 8.202.2]). On March 18, 2020, the Legislature enacted, and the Governor signed into law, chapter 24 of the Laws of 2020 requiring that a designating petition for the June 23, 2020 primary election be filed with respondent State Board of Elections no later than March 20, 2020, noting that "the political calendar with respect to objections, acceptances, authorizations, declinations, substitutions and the last day to commence an [E]lection [L]aw article 16 proceeding shall be adjusted accordingly."
On March 20, 2020, a petition was filed purporting to designate petitioner as a Conservative Party candidate for the public office of Member of the United States House of Representatives for the 19th Congressional District of New York in the June 23, 2020 primary election. On March 25, 2020, petitioner mailed a certificate of acceptance to the State Board. Respondents James Goblet, Benjamin Cooper and Michaela Marmorato filed general and specific objections to the designating petition. The State Board determined, among other things, that the designating petition was invalid because the certificate of acceptance was not filed by the applicable March 24, 2020 deadline. Petitioner commenced this combined proceeding/action to, among other things, validate the designating petition and to declare chapter 24 of the Laws of 2020 unconstitutional. Following joinder of issue, Supreme Court, among other things, dismissed the petition agreeing that the certificate of acceptance was not timely filed, and declared, among other things, that chapter 24 of the Laws of 2020 did not violate petitioner's constitutional rights. This appeal ensued.
We affirm. Election Law § 6-158 (2) provides that "[a] certificate of acceptance . . . of a designation shall be filed not later than the fourth day after the last day to file such designation." Chapter 24 of the Laws of 2020 specifically shortened the last day to file designating petitions for the June 23, 2020 primary election to March 20, 2020. As such, petitioner was required to file her certificate of acceptance of designation no later than March 24, 2020 (see Election Law § 6-158 [2]). Although petitioner completed the acceptance form on March 24, 2020, the record confirms, and petitioner does not dispute, that it was mailed on March 25, 2020. As the acceptance was not "postmarked prior to midnight of the last day of filing," her acceptance was untimely (Election Law § 1-106 [1]). Contrary to petitioner's contention and the dissent's characterization, the failure to abide by the prescribed timelines set forth in the Election Law for the filing of a certificate of acceptance is not a technical violation, but, by the plain statutory language, "a fatal defect" (Election Law § 1-106 [2]; see Matter of Gallo v Turco, 131 AD3d 785, 786 [2015]; Matter of Sheehan v Aylward, 84 AD2d 602, 603 [1981], affd 54 NY2d 934 [1981]).
Citing to the unprecedented circumstances created by the COVID-19 pandemic, petitioner also seeks equitable relief to have her acceptance deemed timely filed. We are sympathetic to the difficult situation that petitioner was placed in due to the pandemic and the shortened political calendar but, even assuming that she has articulated a reasonable explanation for her untimely filing of the certificate of acceptance, the equitable remedy that she seeks is unavailable. The time requirements for filing papers set forth in the Election Law are mandatory and absolute, and the Judiciary is without authority or discretion to fashion exceptions to such time requirements, regardless of how compelling or reasonable they may appear to be (see Matter of Hutson v Bass, 54 NY2d 772, 773 [1981]; Matter of Bush v Salerno, 51 NY2d 95, 100 [1980]; Matter of Baker v Monahan, 42 NY2d 1074, 1075 [1977]; Matter of Carr v New York State Bd. of Elections, 40 NY2d 556, 558 [1976]; Matter of Gallo v Turco, 131 AD3d at 786).[FN1] This is so even under the unique circumstances presented herein (see Matter of Jasikoff v Commissioners of the Westchester County Bd. of Elections, ___ AD3d ___, ___, 2020 NY Slip Op 02742, *1 [2020]; but see Matter of Seawright v Board of Elections in the City of N.Y., ___ AD3d ___, ___, 2020 NY Slip Op 02900, *1 [2020]). Indeed, had the Legislature intended to vest the courts with the authority or discretion to factor how the COVID-19 pandemic impacted any untimely filings, it would have provided so in chapter 24 of the Laws of 2020. The absence of any such language, however, is telling. Accordingly, we cannot say that Supreme Court erred in finding that it was constrained to reject petitioner's claim for equitable relief.
Finally, petitioner's conclusory constitutional challenge to the alleged unequal application of chapter 24 of the Laws of 2020 with respect to the invalidation of the designating petition is without merit. We have reviewed petitioner's remaining contention and find it to be unpersuasive.
Lynch, Mulvey, Aarons and Reynolds Fitzgerald, JJ., concur.
Egan Jr., J.P. (dissenting).
I respectfully dissent. At a pre-COVID-19 time when the New York election calendar specified that designating petitions be filed by April 2, 2020, petitioner, a candidate for the public office of Member of the United States House of Representatives for the 19th Congressional District of New York in the June 23, 2020 primary election, scheduled cancer treatment to occur in St. Louis, Missouri from March 14 to 24, 2020. On March 18, 2020, the Legislature enacted, and Governor Andrew Cuomo signed, chapter 24 of the Laws of 2020, which, as relevant here, shortened the election calendar to require that any such designating petitions be filed by March 20, 2020 — two days later. Although a petition designating petitioner as a candidate of the Conservative Party was filed on March 20, 2020, petitioner's certificate of acceptance bearing her signature was not filed until March 25, 2020, one day late pursuant to Election Law § 6-158.
Given the unique circumstances of this case and the unprecedented events that have unfolded over the last few months, I would reverse. In my opinion, the one-day delay in filing by petitioner constitutes a technical, nonfatal defect (see Matter of Seawright v Board of Elections in the City of N.Y., ___ AD3d ___, ___, 2020 NY Slip Op 02900, *1 [2020]; compare Matter of Jasikoff v Commissioners of the Westchester County Bd. of Elections, ____ AD3d ___, ___, 2020 NY Slip Op 02742, *1 [2020]), and respondents James Goblet, Benjamin Cooper and Michaela Marmorato claim no prejudice as a result. Accordingly, viewed in light of petitioner's uncontroverted need to obtain treatment for a serious medical condition, the scheduling of which did not originally conflict with the Election Law, her inability to comply with the newly-modified filing deadline by one day should be excused and the certificate of acceptance should be deemed timely filed (see Matter of Seawright v Board of Elections in the City of N.Y., 2020 NY Slip Op 02900 at *1; compare Matter of Jasikoff v Commissioners of the Westchester County Bd. of Elections, 2020 NY Slip Op 02742 at *1).
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: For reasons stated in Matter of Pierce v Breen (220 AD2d 875, 876-877 [1995], affd 86 NY2d 455 [1995]), petitioner's reliance on Matter of Cozzolino v Columbia County Bd. of Elections (218 AD2d 921 [1995], lv denied 86 NY2d 704 [1995]) is unavailing.