Matter of Echevarria v Board of Elections in the City of N.Y. (2020 NY Slip Op 02992)





Matter of Echevarria v Board of Elections in the City of N.Y.


2020 NY Slip Op 02992


Decided on May 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2020-03661
 (Index No. 700020/20)

[*1]In the Matter of Rick Echevarria, appellant,
v
Board of Elections in the City of New York, respondent; Ariana Zapata, nonparty-respondent.




DECISION & ORDER
In a proceeding pursuant to Election Law § 16-102, inter alia, to validate a petition designating Rick Echevarria as a candidate in a primary election to be held on June 23, 2020, for the nomination of the Democratic Party as its candidate for the public office of Member of the New York City Council, 37th Council District, Rick Echevarria appeals from a final order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated April 30, 2020. The final order, insofar as appealed from, in effect, dismissed the proceeding as untimely.
ORDERED that the final order is affirmed insofar as appealed from, without costs or disbursements.
Rick Echevarria (hereinafter the appellant) is seeking to be a candidate in the primary election to be held on June 23, 2020, for the nomination of the Democratic Party as its candidate for the public office of Member of the New York City Council, 37th Council District. On April 27, 2020, the appellant commenced this proceeding pursuant to Election Law § 16-102, inter alia, to validate his designating petition for that office. In a final order dated April 30, 2020, the Supreme Court, among other things, in effect, dismissed the proceeding as untimely. We affirm the final order insofar as appealed from.
"A proceeding with respect to a petition shall be instituted within fourteen days after the last day to file the petition, or within three business days after the officer or board with whom or which such petition was filed, makes a determination of invalidity with respect to such petition, whichever is later" (Election Law § 16-102[2]). Here, the last day to file designating petitions was March 20, 2020 (see Matter of Jasikoff v Commissioners of the Westchester County Bd. of Elections, _____ AD3d _____, _____, 2020 NY Slip Op 02742, *2 [2d Dept], citing chapter 24 of the Laws
of 2020). The appellant was notified by the Board of Elections in the City of New York (hereinafter the Board), by letter dated March 24, 2020, that the cover sheet of his designating petition failed to comply with the New York State Board of Elections Regulations or the Board's rules and he was given the opportunity to cure (see Election Law § 6-134[2]; 9 NYCRR 6215.7). Since the appellant failed to commence this proceeding on or before April 3, 2020, the last day to do so, the appellant's commencement of this proceeding, inter alia, to validate the designating petition was untimely (see Election Law § 16-102[2]; Matter of Gangemi v Board of Elections in the City of N.Y., 109 AD3d 541, 542; see generally Matter of Zulauf v Martin, 131 AD3d 656, 658-659).
Contrary to the appellant's contention, the statute of limitations for commencing this Election Law article 16 proceeding was not tolled by a provision of Executive Order (Cuomo) No. 202.8 (9 NYCRR 8.202.8), issued on March 20, 2020, in response to the COVID-19 pandemic, [*2]which generally tolled limitations periods. Rather, this matter is governed by chapter 24 of the Laws of 2020, passed by the Legislature and signed into law by the Governor two days before the issuance of Executive Order No. 202.8, also in response to the COVID-19 pandemic (see generally Matter of Jasikoff v Commissioners of the Westchester County Bd. of Elections, _____ AD3d at _____, 2020 NY Slip Op 02742, *2). That legislation set a new date for the filing of designating petitions and specifically provided that the time to commence an Election Law article 16 proceeding "shall be adjusted accordingly" (L 2020, ch 24, § 1). Indeed, tolling the statute of limitations when the primary election will take place on June 23, 2020, is unworkable (see Executive Order [Cuomo] Nos. 202.14, 202.28 [9 NYCRR 8.202.14, 8.202.28]) for commencing Election Law article 16 proceedings, pertaining to the validity of designating petitions. We note that while the courts ceased accepting papers for filing in many legal matters due to the pandemic, they continued to accept filings of emergency Election Law applications, as such matters were deemed "essential" by the Chief Administrative Judge (see Admin Order of Chief Admin Judge of Cts AO/78/20).
Accordingly, we agree with the Supreme Court's determination, in effect, dismissing the proceeding as untimely.
In light of our determination, the appellant's remaining contentions have been rendered academic.
BALKIN, J.P., DUFFY, CONNOLLY and BRATHWAITE NELSON, JJ., concur. 2020-03661 DECISION & ORDER ON APPLICATION
In the Matter of Rick Echevarria, appellant, v
Board of Elections in the City of New York,
respondent; Ariana Zapata, nonparty-respondent. (Index No. 700020/20) Application by Ariana Zapata for leave to intervene as a respondent, to file a brief, and to appear for oral argument thereon on an appeal from a final order of the Supreme Court, Kings County, dated April 30, 2020.
Upon consideration of all of the papers filed in connection with the application, it is
ORDERED that the application is granted; and it is further,
ORDERED that the brief submitted by Ariana Zapata which was served and filed with the Clerk of this Court on May 15, 2020, has been considered on the appeal.
BALKIN, J.P., DUFFY, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER: Aprilanne Agostino Clerk of the Court